JOHN ROBINSON, Respondent, *v.* HENRY WEIL, Appellant.

The addition of the words "per agreement" to the items of a bill of particulars, does not preclude proving and recovering the value of the services specified in such bill, although an agreement for the payment of a specified sum is not proved.

(Argued for the appellant, submitted by the respondent, June 14, 1871; decided June 22d, 1871.)

APPEAL from an order of the General Term of the Supreme Court, in the second district, affirming a judgment entered upon a verdict in favor of the plaintiff.

The plaintiff sued the defendant for services as a physician; the complaint being for medical and surgical services, etc., generally. The defendant answered by a general denial.

The plaintiff's attorney served upon the defendant's attorney a bill of particulars, the first item of which was as follows: To professional services from December 23d, 1867, to February 19th, 1868, per agreement, $500.

Upon the trial the defendant admitted the second and third items of the bill of particulars, amounting to sixty-seven dollars, and the parties went to trial upon the first item only.

The plaintiff, testifying on his own behalf, stated that he took charge of the defendant's case upon the express agreement that he should be paid $500, or $1,000, according to the length of time; that the defendant went under his treatment, and continued from December 23d, to February 19th following, and that he charged the defendant $500, the minimum sum.

The plaintiff's counsel here asked the witness what these services were worth. The defendant's counsel objected to the question, upon the ground that the plaintiff had, by his bill of particulars, limited his claim to the special agreement for $500. The court sustained the objection, and excluded all evidence of the value of the services, by either side.

The only other evidence was that of the plaintiff's son, who testified, substantially, the same as his father, and that

of the defendant, who contradicted them both in the most positive and unqualified manner.

The court charged the jury, substantially, that if they found that the agreement claimed by the plaintiff was not made, " then you have to inquire into the value of the services, and give the plaintiff a verdict for such amount as you consider the services reasonably worth." The defendant's counsel excepted to this part of the charge.

The court further charged, " that the evidence of what Dr. Robinson said he would charge, is some evidence of what his opinion is as to the value of the services." The defendant's counsel excepted to this part of the charge. The jury rendered a verdict in favor of the plaintiff for $556.

*A. C. Morris*, for the appellant.

*Crooke, Bergen & Pratt*, for the respondent.

RAPALLO, J. We are of opinion that the plaintiff was not precluded, by the form of his bill of particulars, from proving and recovering the value of the services, though he should fail to prove an agreement for the payment of a specified sum therefor. The bill of particulars specifies the nature of the services, and the dates between which they were rendered and the amount claimed, and, in those respects, limited the plaintiff's proofs; but the addition of the words " by agreement," did not restrict him to proof of a special agreement fixing the price.

The charge would have been correct in so far as it authorized the jury, in case they did not find the contract, to find the value of the services, had there been, independently of the alleged contract, any evidence of such value, upon which a verdict could be based. But the judge had excluded evidence on either side as to value, and none was given. In the absence of such evidence, it was error to submit the question of value to the jury independently of the question of contract.

What Dr. Robinson said he would charge was not evidence on the question of value, nor did it legally prove even what his opinion was on that subject. His sworn testimony, as to the value of his services, would have been competent, but his unsworn statement was not.

As, under the charge of the court, the verdict may have been based upon the supposed value of the services, and not upon a finding of the special contract, the judgment should be reversed, and a new trial ordered, with costs to abide the event.

All concur. Judgment reversed and new trial granted.