Argued April 10, modified and affirmed May 1, 1917.

# HAYDEN v. CITY OF ASTORIA.*

(164 Pac. 729.)

**Appeal and Error—Assignment of Error—Sufficiency.**

1. Under the rule of the Supreme Court requiring that appellant set out briefly and concisely the errors relied on, where the bill of exceptions shows that plaintiffs-appellants pointed out to the lower court with precision and great detail what their contentions were, and such contentions are presented in the Supreme Court in plaintiff's briefs with the same clearness, the assignment of error that the trial court erred in not rendering judgment for plaintiffs in a larger amount is sufficient, since the rule should be construed reasonably and liberally to promote justice, and not so as to embarrass suitors by unnecessary restrictions.

**Municipal Corporations — Improvement Contracts — Delaying Contractors—Recovery on Quantum Meruit.**

2. Where a city, by enlarging the excavation and by imposing burdensome methods of doing the work, delayed its contractors for a dam so that they could not begin the laying of concrete until the fall, and the most burdensome portion of the work had to be done in the winter season under most disadvantageous conditions, the contractors were entitled to recover on a *quantum meruit* for the excess cost incurred by them.

**Municipal Corporations — Improvements — Rights of Contractors — Quantum Meruit—Evidence.**

3. In an action against a city by its contractors to erect a dam to recover on a *quantum meruit* for work without the contract, the contract was admissible as establishing the standard of value.

**Municipal Corporations—Improvements—Extra Work—Recovery.**

4. So far as work done without their contract by contractors with a city to erect a dam conforms to the contract in character and in the conditions under which it is done, the contract price will govern the contractors' extra recovery on a *quantum meruit* against the city.

**Municipal Corporations—Extra Work—Recovery on Quantum Meruit.**

5. When contractors with a city to erect a dam did extra work under burdensome conditions not within the contemplation of the parties when the contract was made, the deviations from the contract being so material as to entitle the contractors to recover on a *quantum meruit*, the recovery allowed should take the form of damages adequate to compensate for the additional burdens, which damages should be added to the contract price.

*On right of contractor to sue on *quantum meruit* upon breach of construction contract by the other party thereto, see note in 13 L. R. A. (N. S.) 448.                                        REPORTER.

**Appeal and Error—Review—Findings of Court Without Jury.**

6. In trying a case without a jury, the Circuit Court exercised the functions of a jury, and its findings, having the force and effect of a special verdict, and entitling plaintiffs, in whose favor they were, to the benefit of any conclusions of law arising from them, are binding on the Supreme Court, unless wholly without support in evidence.

**Appeal and Error—Review—Finding on Conflicting Testimony.**

7. A finding on conflicting testimony made by the Circuit Court trying a case without a jury is binding on the Supreme Court.

**Pleading—Bill of Particulars—Limitation of Proof.**

8. When a bill of particulars is furnished as required by statute or by the order of a court of competent jurisdiction, the party furnishing it is confined in his proof to the items alleged therein, though he may offer proof of the value of the items along other lines than those alleged in the bill.

**Pleading—Bill of Particulars—Statute.**

9. Under Oregon law, a bill of particulars is demandable only under the provisions of Section 84, L. O. L., and, unless the complaint alleges an account, a bill of particulars is not demandable under the section.

**Account, Action on—Contractors' Action.**

10. An action against a city by its contractors to erect a dam to recover on a *quantum meruit* for the excess cost of doing the work incurred on account of the city's increasing the amount of excavation and delaying the work, was not an action on an account.

**Pleading—Bill of Particulars—Limitation of Testimony—Statute.**

11. In an action against a city by its contractors to erect a dam to recover the reasonable cost of extra work, where the contractors furnished an account on demand of the city, the action not being on an account, so that a bill of particulars was not demandable under Section 84, L. O. L., the account furnished could not be used to shut out testimony otherwise competent in the absence of showing that the city had been misled.

**Account Stated—Accounting Month by Month.**

12. Where contractors with a city to erect a dam frequently complained to the city's representatives that much more excavation was demanded of them than they were required by the contract to render, and notified the city's representatives several times that they would expect additional compensation, there was not an accounting month by month as matter of law because the contractors in a number of cases marked monthly estimates of their work O. K. over their signature and accepted 90 per cent of the contract price therefor in accordance with the contract, the elements of estoppel being lacking.

> [As to the rule that receipt of a statement of account without protest amounts to an admission of its correctness, see note in Ann. Cas. 1915A, 694.]

**Evidence—Expert Evidence—Qualification of Witness.**

13. In an action against a city by its contractors to erect a dam to recover on a *quantum meruit* for extra work, a plaintiff, who had been in the contracting business for 12 years, the excavation of material having been part of the work in which he had been engaged, was qualified to testify as to what is the usual and ordinary way of making an excavation.

**Evidence—Expert Evidence—Qualification of Witness.**

14. Another witness, who had been in charge of construction work for 10 years or more up to the time of the trial, and who had built 40 miles of railroad, excavation being one of the lines in which he had had large experience, was also qualified.

**Municipal Corporations—Improvement Contract—Extra Work—Evidence.**

15. In an action against a city by its contractors to build a dam to recover on a *quantum meruit* for extra work and delay caused by the city, where a ground alleged by the contractors for their right to recover was the increased burden of the work during the winter season, their testimony tending to show that the road into the works was a good road in summer, but that it would have been impassable in winter but for the work they did on it, was competent.

**Municipal Corporations—Extra Work—Evidence.**

16. It was also competent for the contractors to prove that their labor was less efficient in the winter season, and that the burden of operating the rock quarry was greater in the winter.

**Municipal Corporations—Improvements—Extra Work—Evidence.**

17. The contractors were properly permitted to show that but for the deviations from the contract complained of they could have completed the work during the summer.

**Interest—Allowance to Contractors.**

18. In such action, the trial court improperly allowed interest on the contractors' recovery from the date of the completion of the dam, they being entitled to interest only from the date of the judgment on the amounts recovered.

**Appeal and Error—Remand for Correction—Necessity.**

19. Under Article VII, Section 3, of the Constitution, as amended in 1910, the Supreme Court need not remand the cause for new trial to correct numerical errors in the judgment, one caused by a mistake in addition, the other by mistranscribing an item in a finding of fact, the Supreme Court being entitled to direct the trial court to correct the judgment.

From Clatsop: JAMES U. CAMPBELL, Judge.

This is an action by Wilbur Hayden, Hoyt Hayden, T. B. Bidwell and J. F. Meager, partners doing business under the copartnership name of Bidwell, Hayden

& Co., against the City of Astoria, a municipal corporation, in which both parties are dissatisfied with the judgment and appeal. Modified and affirmed.

In Banc.    Statement by MR. JUSTICE McCAMANT.

On August 22, 1911, plaintiffs contracted with the defendant for the construction of a dam on Bear Creek, in Clatsop County, in accordance with plans and specifications furnished by the defendant. During the winter of 1911–12 they cleared the reservoir site and entered on the work of excavation about April 1, 1912. Plaintiffs claim and the lower court found that the amount of excavation called for by the contract could have been completed in a month, or by May 1, 1912.

The city engineer of the defendant demanded large additional excavation with a view to securing a satisfactory foundation for the dam; for this reason and because of the manner in which defendant's engineer required the work to be done, the excavation was not completed until August 29, 1912. This delay compelled plaintiffs to perform a large share of the work during the winter of 1912–13 under expensive and disadvantageous conditions. The work was completed June 27, 1913, and accepted by the defendant as satisfactory.

On November 28, 1913, plaintiffs brought this action in the Circuit Court for Clatsop County, claiming that such deviations from the contract had been required of them as entitled them to recover on a *quantum meruit* the reasonable value of their work and materials. This value, they claimed, was $61,666.47 over and above the sum of $91,779.11, which had been paid them by the city. The Circuit Court struck the amended complaint from the files for failure to comply with an order to make more definite, and plaintiffs

appealed to this court. The judgment of the lower court was reversed (see 74 Or. 525, 145 Pac. 1072). This court upheld the sufficiency of the amended complaint and the right of plaintiffs to recover on a *quantum meruit* under the allegations of this pleading.

The defendant answered, denying most of the allegations of the amended complaint and setting up certain affirmative defenses. The first affirmative answer set up that the extra work of plaintiffs had been performed as "force account" and that plaintiffs had been paid therefor in accordance with their contract except for the sum of $482.50, which defendant had tendered. The second and third affirmative answers · plead an estoppel against plaintiffs by the acceptance and approval of the monthly estimates in their favor, by their request for extensions of time within which to perform the work, and by their failure to complain of the matters now relied on. The fourth affirmative answer alleges that extensions of time were granted plaintiffs, conditioned on their payment of the defendant's engineering expense during the period of extension, and a counterclaim of $4,428.07 is set up on this account. The fifth affirmative answer tenders plaintiffs a judgment in the sum of $10,371.11. The reply denies the material allegations of the answer.

The case was tried by the lower court without the intervention of a jury. The court passed fifty-two findings of fact. These findings are too lengthy to be incorporated even in substance in this statement of facts. In the main they were in accord with plaintiffs' contentions and bore out the allegations of the amended complaint. The findings were to the effect that the departures from the contract of August 22, 1911, were so numerous and so substantial as to entitle plaintiffs to recover on a *quantum meruit*. The forty-

eighth finding fixed the compensation of plaintiffs at
$114,604.72, this amount being made up of fifteen
specifications into which the work done by them was
divided. In thirteen of these cases plaintiffs were
allowed only the prices provided by the contract. For
the laying of 5,470 yards of concrete they were allowed
$11.10 a yard as against $8.88 provided by the con-
tract. The total excavation amounted to 6,256 yards;
the lower court allowed only the contract price for
excavating 6,152 yards, but a 20 per cent increase
over the contract price was allowed for excavating
104 yards of rock. This increase amounted to $41.60.
Plaintiffs had received from the defendant $91,848.41
on account of their compensation, and the lower
court gave them judgment for the additional sum of
$22,756.31, with interest thereon from June 27, 1913,
the date when the dam was completed. Both parties
have appealed.          MODIFIED AND AFFIRMED.

For plaintiffs-appellants there was a brief and an
oral argument by *Mr. Coy Burnett.*

For defendant-appellant there was a brief over the
names of *Mr. A. W. Norblad,* City Attorney, and
*Messrs. G. C. & A. C. Fulton,* with an oral argument
by *Mr. George C. Fulton.*

MR. JUSTICE McCAMANT delivered the opinion of the
court.

The sole assignment of errors on behalf of plaintiffs
is as follows:

"That the court erred in not rendering judgment for
the plaintiffs in a larger amount."

1. The defendant contends that this assignment is in-
sufficient. It would have been better practice for

plaintiffs to specify the items in the findings of the lower court which are objected to and also the additional amounts claimed by them for each class of work. The requirement of assignments of error is no longer statutory in this state, but is found in the rules of this court. The requirement is that appellant "set out briefly and concisely the errors relied on." The rule "should be construed reasonably and liberally to promote justice, and not so as to embarrass suitors in the appellate courts by unnecessary restrictions": 3 C. J. 1349. In other words, a party entitled to relief in this court should not be turned away remediless if any fair construction of the rule will uphold his assignments of error.

"In the later cases courts have shown that they are no longer disposed to scrutinize assignments of error with the minuteness which was applied in the earlier decisions": 2 R. C. L. 163.

The bill of exceptions shows that plaintiffs pointed out to the lower court with precision and in great detail what their contentions were, and these contentions are presented in this court with the same clearness in plaintiffs' briefs. In view of these other portions of the record we think the assignment of error above quoted sufficiently serves the purpose designed by the rule of this court.

2. The lower court found that the defendant had imposed burdens on plaintiffs not contemplated by the contract and that there had been such departures from the contract as entitled plaintiffs to recover on a *quantum meruit*. Plaintiffs claim that the measure of their recovery should be the cost to them of the work performed plus fifteen per cent for overhead and profit. The evidence abundantly sustains the findings of the lower court on the subject of a departure from the con-

tract. It sufficiently appears that the excavation contemplated by the parties when the contract was let could have been completed by May 1, 1912, and the entire dam could have been constructed by October 1, 1912; that by reason of an enlargement of the excavation and burdensome methods of doing the work, imposed on plaintiffs by defendant's engineers, the progress of the work was so delayed that plaintiffs could not begin the laying of concrete until September, 1912, and that the most burdensome portion of the work had to be done in the winter season under most disadvantageous conditions. These circumstances clearly entitle plaintiffs to recover on a *quantum meruit* for the reasons set forth in the former opinion of this court.

3–5. Evidence was offered and received on behalf of plaintiffs to the effect that contractors are usually compensated for work without their contract by the "force account" method; that is, by paying them the cost of doing the work plus a percentage to cover overhead expense and profit. Notwithstanding this testimony we think the lower court adopted the proper method of relieving plaintiffs. In this character of litigation the contract is admissible in evidence as establishing the standard of value: *Reynolds* v. *Jourdan,* 6 Cal. 108, 111; *Boyd* v. *Bargagliotti,* 12 Cal. App. 228 (107 Pac. 150, 154); *Wheeden* v. *Fiske,* 50 N. H. 125, 128. In so far as the work conforms to the contract in character and in the conditions under which it is done, the contract price will govern: *Dermott (Ingle)* v. *Jones,* 2 Wall. (69 U. S.) 1, 9 (17 L. Ed. 762); *Hollinsead* v. *Mactier,* 13 Wend. (N. Y.) 276; *Merrill* v. *Ithaca etc. R. Co.,* 16 Wend. (N. Y.) 586, 589 (30 Am. Dec. 130); *Board of Commissioners* v. *O'Connor,* 137 Ind. 622 (35 N. E. 1006, 1009, 37 N. E. 16); *Houston, E. & W. T. Ry. Co.* v. *Snelling,* 59 Tex. 116, 119; *De Boom* v. *Priestly,*

1 Cal. 206, 207. When, as in this case, the work is done under burdensome conditions not within the contemplation of the parties when the contract was made and when the deviations from the contract are so material as to entitle the contractor to recover on a *quantum meruit,* the recovery allowed should take the form of damages adequate to compensate for the additional burdens, which damages should be added to the contract price: *Dubois* v. *Delaware & H. Canal Co.,* 4 Wend. (N. Y.) 285, 291; *Koon* v. *Greenman,* 7 Wend. (N. Y.) 121, 123; *Houston, E. & W. T. Ry. Co.* v. *Snelling,* 59 Tex. 116, 120; *Wood* v. *Fort Wayne,* 119 U. S. 312, 321 (30 L. Ed. 416, 7 Sup. Ct. Rep. 219). In *Jones* v. *Woodbury,* 11 B. Mon. (50 Ky.) 167–169, the Kentucky court says:

"The general principle applicable to the case of a special contract for erecting a house, when in the progress of the work there have been alterations or additions not originally contemplated nor expressly provided for, seems to be that as far as the work can be traced under the original contract, it shall be paid for under that contract, and that the residue which cannot be brought within the contract shall be paid for as if there were no contract. But the safety of employers, and the good faith proper to be observed in all cases, requires that this rule should be so applied as not to violate the principles above stated; and they seem to indicate further, that extra work either in quantity or quality, unless done under an express agreement, or at least a statement of the price, should not be charged for at a greater rate in reference to the measure and value price of such work, than the contract price bears to the measure and value price of the work contracted to be done. So that if the contract price was a fourth or a fifth less than the price estimated by measure and value, the extra work should not be estimated at more than three-fourths or four-fifths of its price according to measure and value."

The rules announced in these authorities forbid us to sustain plaintiffs' contention that they are entitled to recover the cost to them of the work and materials plus a percentage for profit and superintendence. Their recovery was properly based on the unit prices provided by the contract with added damages to compensate for the burdens imposed upon them. This brings us to the question of the adequacy of the damages awarded.

6. The Circuit Court in trying this case exercised the functions of a jury. Its findings are binding on this court unless wholly without support in the evidence. The lower court found that Lars Bergsvik was engineer of the defendant in charge on its behalf of the work in question, and that Arne Froyseth was his assistant who was present on the work at all times. There was some conflict in the testimony as to the circumstances under which the work of excavation proceeded. The court resolved this conflicting testimony in favor of plaintiffs, finding as follows:

"That both the said Bergsvik and said Froyseth were unacquainted with the nature of the ground and soil or depth necessary for a proper foundation, and that Froyseth being the subordinate, was required frequently during the progress of the work, to stop operations until he could consult with Bergsvik, who was not present upon the work, and that these delays and the extra depth to which plaintiffs were required to excavate prevented the plaintiffs from doing the work or completing it within the time originally contemplated and fixed by the contract.

"That the specifications provide that the defendant shall furnish plaintiffs with stakes at all times to indicate the depth of the grade and excavation, and that this the defendant at all times refused to do, and that the furnishing of the same would have been a material help and assistance to the contractor in the performance of his work, and the refusal of the defendant to

so furnish them prevented the plaintiffs to the extent that it was impossible for them to complete the work in the time originally contemplated by and fixed in the contract.

"That the refusal to furnish stakes mentioned in the last finding, and the refusal of the defendant, through its agents, to at any time advise the plaintiffs the depth necessary for the excavation, required the plaintiffs to excavate the material in layers; thereby, the plaintiffs were required to make many small operations of what would ordinarily be one complete operation, and thus prevented the plaintiffs from doing the work within the time originally contemplated and fixed by the contract."

The testimony showed without contradiction that the method of excavating exacted by defendant's engineers added greatly to the expense and burden of the work. The findings above quoted have the force and effect of a special verdict. Plaintiffs are entitled to the benefit of any conclusions of law arising from them. We think the conclusion is inevitable that plaintiffs sustained material damage by these burdens imposed upon them and that they are entitled to such damages over and above the contract price as will make them whole. The Circuit Court allowed plaintiffs only the contract price for 6,152 yards of excavation and allowed an increase of 20 per cent thereover for excavating 104 yards. The damages so awarded amount to $41.60, a sum scarcely more than nominal. The finding of the lower court was to the effect that the disadvantageous conditions of which plaintiffs complain applied to the whole excavation. There is abundant evidence to support this finding. It follows that the damages of plaintiffs should be predicated on the entire excavation and not confined to an insignificant fraction thereof. We can find no better rule for admeasuring the damages than that ap-

plied by the lower court. Plaintiffs will therefore be awarded damages in the matter of excavation equal to 20 per cent of the contract price thereof. This will increase the judgment of plaintiffs by $1,880.90.

7. Plaintiffs complain that the damages awarded them for laying concrete are also inadequate. There is a great deal of evidence from which the Circuit Court might have found plaintiffs entitled to larger damages, but the record contains considerable evidence on behalf of the defendant on this issue. The contract price for laying concrete was $8.88 a yard. This was all that was allowed for 2,926.2 yards. For the remainder, 5,470 yards, the lower court allowed plaintiffs $11.10 a yard. A considerable portion of the concrete was laid under conditions contemplated when the contract was signed and the evidence justified the lower court in withholding damages to plaintiffs based on this portion of their work. As to the concrete laid in the winter season, two of defendant's witnesses testified that an advance of 10 per cent on the contract price would be adequate to cover the difference in conditions. Another witness for defendant placed the difference as low as 2 to 3 per cent. In view of the conflict in the testimony the finding of the Circuit Court is binding upon us on this issue. We think plaintiffs are entitled to no further modification of the judgment of the lower court.

The defendant assigns error on the refusal of the lower court to sustain a motion for a nonsuit. As already indicated, we think the evidence sustained the right of plaintiffs to recover on a *quantum meruit* for the reasons alleged in their amended complaint. The contention of the defendant on this branch of the case is based chiefly on another ground. The defendant demanded of plaintiffs a bill of particulars prior to

the previous appeal. ˙ Plaintiffs furnished in response
to this demand a "statement showing expenditures
building dam." This statement set out the various
items of expenditure incurred by plaintiffs in carry-
ing on their work. They claimed 15 per cent of
these expenditures, presumably as a charge for over-
head expense. The statement credited the defendant
with certain payments and with another item. The
net claim was for $61,666.47, the amount for which
judgment was asked in the amended complaint. On
the former appeal this court held that if this state-
ment was regarded as insufficient it should have been
attacked by a motion to make more definite. There-
after without awaiting any action on the part of de-
fendant, plaintiffs filed an amended verified statement
of account or bill of particulars. This statement
showed in great detail every expenditure made by
plaintiffs in the performance of their work. It claimed
the same damages as those alleged in the amended
complaint. The defendant excepted to this amended
statement, but the exceptions were never passed upon
by the lower court. At the trial defendant contended
that no evidence of the value of the work could be re-
ceived other than its cost as set forth in this state-
ment. Defendant also objected to the evidence of
plaintiffs offered to prove the cost of the work as not
tending to support the allegations of the amended com-
plaint. The motion for a nonsuit is based chiefly on
the alleged failure of plaintiffs to prove the value of
their work in accordance with their statement.

8, 9. It is true, as contended by the defendant, that
when a bill of particulars is furnished as required by
statute or by the order of a court of competent jurisdic-
tion, the party furnishing such bill is confined in his
proof to the items therein alleged, although he may

offer proof of the value of the items along other lines than those alleged in the bill: *Robinson* v. *Weil,* 45 N. Y. 810. A bill of particulars under our law is demandable only under the provisions of Section 84, L. O. L. This section is as follows:

"A party may set forth in a pleading the items of an account therein alleged, or file a copy thereof, with the pleading verified by his own oath, or that of his agent or attorney, if within the personal knowledge of such agent or attorney, to the effect that he believes it to be true. If he do neither, he shall deliver to the adverse party, within five days after a demand thereof in writing, a copy of the account, verified as in this section provided, or be precluded from giving evidence thereof. The court or judge thereof may order a further account when the one filed or delivered is defective."

10. Unless the complaint alleges an account a bill of particulars is not demandable under this section: *Davis* v. *Hofer,* 38 Or. 150, 157, 158 (63 Pac. 56); *Ives* v. *Shaw,* 31 How. Pr. 54; 1 C. J. 653. We do not think this is an action on an account. We have held that plaintiffs are in error in their contention that they are entitled to recover their disbursements plus a percentage. The case therefore is one in which parties acting under a misapprehension of their remedy have furnished an account not demandable of them and which does not correctly state the amount to which they are entitled or the method of arriving at that amount. The account furnished is in harmony with the contentions of plaintiffs and with the amended complaint which alleges a usage to compensate by the force account method for work done without the contract. The adverse party has not been misled. The city understood perfectly that plaintiffs were claiming the reasonable value of the work done and material furnished. Both parties were chargeable with knowl-

edge of the law. They therefore knew that plaintiffs were entitled to recover, if at all, the contract price of the work plus such sum as should make them whole for their burdens not covered by the agreement. To ignore the evidence of the reasonable value of plaintiffs' work admitted in the court below and to set aside the findings based thereon, because of this statement, would be to exalt technicality and to lose sight of justice. In *Seaman* v. *Low,* 4 Bosw. (N. Y.) 337, 352, the court said:

"I apprehend that it is not the office of a bill of particulars to state the grounds of a plaintiff's claim, but simply to point out the items and particulars which he claims, in such a manner as will enable the party to prepare for trial, and if the specification be ambiguous or susceptible of a double interpretation, the defendant should apply to have it made more definite and certain, or the plaintiff would be permitted to give any evidence not clearly excluded by the terms used, subject only to the duty of the Court to see that the defendant is not misled to his prejudice."

11. It is not intended by this opinion to question the power of a court of general jurisdiction in a proper case and on a proper showing to require a party to furnish his adversary with such a specification of the cause of action or defense as shall prevent surprise and insure a fair trial. When an account is so furnished the party providing it is properly confined in his proof to the items alleged therein. What we do hold is that where an account is furnished on demand of the adverse party in a cause wherein the account is not demandable, the account so furnished cannot be used to shut out testimony otherwise competent, in the absence of a showing that the adverse party had been misled.

The former appeal did not raise the question of the measure of plaintiffs' damages and the court did not consider the question of whether this is an action on an account within the purview of Section 84, L. O. L. We adhere to the ruling on the former appeal that the lower court erred in requiring plaintiffs to make their amended complaint more definite and in entering judgment of dismissal for failure to comply with that order.

Under the contract plaintiffs were entitled to a monthly estimate of their work and to payment month by month of 90 per cent of the amount found due under the estimates. In a number of cases they marked estimates "O. K." over their signature. It is claimed that this circumstance and the acceptance of money under the estimates preclude a recovery in this case. The finding of the lower court on this subject was as follows:

"With reference to the estimates hereinbefore mentioned, the engineers in charge for the city, without any participation therein by the plaintiffs, made out statements of the amount of work done during the previous month and these statements were from month to month received by the plaintiffs, but the plaintiffs at no time represented to the defendant that such estimates were received in final payment, and at no time represented to the defendant that the plaintiffs were waiving their claim for the reasonable compensation of the work performed and labor furnished, and the defendant, by paying said amounts to plaintiffs has in no wise prejudiced itself or changed its position because of the acceptance by plaintiffs of said estimates, and the plaintiffs at times marked an O. K. upon the estimates, but that no importance was attached to this O. K. on the part of the city, and the same was not attached by the plaintiffs nor understood by the defendant as being any agreement as to the correctness or finality of said estimates, and the same are not in any wise final, but on the contrary by the specifications

herein and by the conduct of the parties, the whole matter was at all times left to final adjustment at the conclusion of the work, and that at such time of final adjustment the plaintiffs and the defendant were unable to agree either as to the basis of the adjustment or the amount owing to plaintiffs.''

The defendant contends that this finding is without support in the evidence. There is testimony of the plaintiff Meager that he complained to Mr. Bergsvik of the manner in which plaintiffs were required to excavate and that Bergsvik said:

''Go on and do your excavating and a good job of concrete and we will take care of this in some way.''

Plaintiffs claim to have relied on this assurance from defendant's engineer and to have regarded the monthly estimates as tentative. They frequently complained to defendant's representatives that much more was demanded of them than they were required by the contract to render. They notified the city's representatives several times that they would expect additional compensation.

12. It cannot be said as a matter of law that there was an accounting month by month: 1 R. C. L. 211. The elements of estoppel are lacking. The city paid plaintiffs less than they are entitled to, on the city's own showing. In any event the finding above quoted is sufficiently supported by the evidence and is fatal to defendant's contentions on this branch of the case.

13, 14. The defendant reserved numerous objections and exceptions to the testimony offered and admitted on behalf of plaintiffs. The plaintiff Wilbur Hayden was asked the following question: ''What is the usual, ordinary way of making an excavation, if you know?'' This question was objected to on the ground that the witness was not qualified. The testimony shows that

he had been in the contracting business for twelve
years and that the excavation of material was a part
of the work in which he had been engaged.  We think
his qualification sufficiently appeared and that other
testimony of the same witness objected to on the same
ground was properly admitted.  The defendant re-
served an objection and exception to similar testimony
from the witness J. F. Meager.  The testimony shows
that this witness had been in charge of construction
work from 1902 up to the time of the trial, that he
had built forty miles of railroad and that excavation
was one of the lines of work in which he had large
experience.

15–17. The court received over the objection and ex-
ception of the defendant testimony tending to show the
burden and expense of plaintiffs in maintaining during
the winter of 1912–13 a wagon road from Svenson to
the place where the work was in progress.  Svenson
is a station on the Astoria & Columbia River Railroad.
One of the grounds alleged by plaintiffs for their right
to recover on a *quantum meruit* was the increased bur-
den of the work during the winter season, it being their
contention that if the work had been only that pro-
vided by the contract it could have been completed in
the summer of 1912.  Their testimony tended to show
that the road into the works was a good road in
summer but that it would have been impassable in the
winter season but for the work which they did on it.
We think the evidence was competent and material.
It was also competent for plaintiffs to prove that their
labor was less efficient in the winter season and that
the burden of operating the rock quarry was greater
in the winter.  The court properly permitted plain-
tiffs to show that but for the deviations from the con-
tract complained of they could have completed the

work during the summer of 1912. Objection was reserved by the defendant to the evidence of plaintiffs as to the manner in which the excavation was done, the defendant contending that it was the duty of plaintiffs to have made written objection to the city and that in the absence of such written objection plaintiffs acquiesced in the orders of the engineers. The lower court found against the defendant on this issue, and we cannot say as a matter of law that plaintiffs acquiesced in the deviations from the contract of which they complain in this suit.

Numerous other objections and exceptions were reserved to the testimony on the part of the defendant but it is not deemed necessary to set them out in the opinion. We are clear that no reversible error was committed by the lower court in the respects complained of.

18. It is finally contended by the defendant that the lower court erred in allowing interest on plaintiffs' recovery from the date of the completion of the dam. This contention is well taken: *Sargent* v. *American Bank & Trust Co.,* 80 Or. 16, 39 (154 Pac. 759, 156 Pac. 431) ; *Baker County* v. *Huntington,* 48 Or. 593, 603 (87 Pac. 1036, 89 Pac. 144). Plaintiffs are entitled to interest only from the date of the judgment in the lower court on the amounts which they recovered therein.

Our attention is directed by the defendant to an error of $31 in the judgment of the lower court. One of the items making up the amount allowed plaintiffs is an item for force account aggregating $3,359.85. It appears from the forty-second finding of fact that this item should be $3,328.85. The defendant is entitled to have the judgment corrected to the extent of

the error and there is a further error of twenty-one cents in the addition of the items in finding 48.

19. Under Article VII, Section 3 of the Constitution, as amended in 1910, it is not necessary for this court to remand the cause for a new trial. We are entitled to direct the lower court to correct the judgment in the respects above indicated: *Knight* v. *Beyers,* 70 Or. 413, 418, 419 (134 Pac. 787). The cause will therefore be remanded to the lower court with instructions to modify the judgment by eliminating therefrom all interest prior to the date of the judgment and also the further sum of $31.21. The sum of $1,880.90 should be added to the remainder so obtained.

MODIFIED AND AFFIRMED.

---

Motion to affirm judgment overruled January 9, argued on the merits April 20, affirmed May 1, 1917.