SHIPOWNERS' & MERCHANTS' TUGBOAT CO. v. HAMMOND
LUMBER CO.

(Circuit Court of Appeals, Ninth Circuit. May 13, 1918.)

No. 3070.

SHIPPING ☞209(2)—LIMITATION OF LIABILITY.

Where there was only one claimant, and the appraisement made by the commissioner and approved by the court showed that the interest of the owner in the vessel exceeded the amount of the claim, a petition for limitation of liability will be dismissed; it appearing that the claimant expressly waived any claim for interest which would increase the damages asserted to a sum beyond the value of the vessel.

Appeal from the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Petition by the Shipowners' & Merchants' Tugboat Company, a corporation, for limitation of liability. On motion of the Hammond Lumber Company, a corporation, the petition for limitation was dismissed, and petitioner appeals. Affirmed.

For a history of this litigation, which grows out of the loss of a raft of piling, reference is made to the statement of facts, including the prior decisions referred to, in Hammond Lumber Co. v. U. S. District Court, 240 Fed. 924, 153 C. C. A. 610. Subsequently, in August, 1917, the Lumber Company moved to dismiss the petition for limitation of liability as to it, or for dissolution of the injunction theretofore issued against it and the circuit court of Clatsop county, Or. Bond for $115,000 was filed by the Tugboat Company. The District Court construed the motion as pertaining to the jurisdiction of the court over the subject-matter, and allowed the exceptions and the motion, and dismissed the petition in toto. The Tugboat Company appeals.

The motion to dismiss supplemented the exceptions, and when the exceptions were filed the time had not gone by within which claims might be filed; but when the motion was made such time had expired, and the first ground included in the motion was that no other claims than that of the Lumber Company had been filed for the recovery of damages. In the petition for limitation

no reference had been made to the fact that in the California limitation proceeding the court had required the filing of bonds in the aggregate sum of $115,000, to bear interest from the date of the disaster to the raft, September 9, 1911. Allegations to this effect were included in the motion and were set up in the answer, which was noticed to be used upon the hearing of the motion. The motion also incorporated, as exhibits to the affidavit of the Lumber Company, the interlocutory decree of default filed July 12, 1912, and the opinion of Judge Dooling sitting in the District Court in California wherein the proceedings as to the Lumber Company were dismissed, but jurisdiction of the proceedings for the protection of the Tugboat Company against any other possible claims were retained; also the decree made by Judge Dooling, in the District Court in California, ordering a dismissal of the proceedings as to the Lumber Company, but expressly providing that the dismissal should in no wise affect the rights of the Tugboat Company, if any there should be, against any other person entitled to file claims, if any there should be; and also a copy of the dismissal of the limitation proceedings pending in the District Court for the Northern District of California, such dismissal having been made on August 2, 1916, after the institution of the limitation proceedings in Oregon. There was also included in the motion to dismiss, as an exhibit to the affidavit of the Lumber Company, that portion of the brief of the Lumber Company, which had been filed in the state court in Oregon, upon which the Tugboat Company based a contention that claim had been made in the state court by the Lumber Company for a total recovery of $111,153.22, with interest from September 9, 1911, at 6 per cent. per annum.

The motion set forth that no claim for any sum in excess of $110,983.13, the amount demanded in the amended complaint filed in the state court, had ever been demanded against the Tugboat Company by the Lumber Company, and attached to the motions as an exhibit was the affidavit of the Lumber Company that it was never its intention to claim or demand the recovery of any sum in excess of $110,983.13. Another ground of the motion was that the Lumber Company, at the suggestion of the Tugboat Company had stipulated in open court in the state court that trial by jury should be waived, and that in pursuance of such stipulation, the cause having been tried by the court, the Tugboat Company had voluntarily submitted its motion in relation to matters in the action pending in the state court for adjudication by the state court, and had waived any right to require the Lumber Company to litigate in any other court or in any other proceeding. There was no opposition in the form of affidavits or testimony offered by the Tugboat Company in opposition to the motion of the Lumber Company. The Tugboat Company moved to strike out the motion of the Lumber Company upon the ground that the motion came too late in the proceeding.

Appellant contends that the court erred in holding: (1) That the claim made by the appellee in the state court did not exceed the value of appellant's interest in the tugs at the close of their respective voyages on which the raft was lost; (2) that the limitation of liability proceedings in the United States court in California were, as against appellee, still pending in that court when the petition for limitation of liability in the United States court for Oregon was filed; (3) that appellant's remedy was by supplemental petition or otherwise to have appellee brought in and made a party to the limitation proceedings previously instituted by appellant in the United States court in California; and (4) in dismissing the petition herein and not proceeding to trial upon the issues made by the petition and appellee's claim and answer thereto.

McCutchen, Olney & Willard and Ira A. Campbell, all of San Francisco, Cal., Snow, Bronaugh & Thompson, of Portland, Or., and E. B. Tongue, of Hillsboro, Or., for appellant.

W. S. Burnett and Wm. Denman, both of San Francisco, Cal., and G. C. Fulton, of Astoria, Or., for appellee.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). It appears that the appraisement made by the commissioner and approved by the court in the proceedings in the United States court in California pending between appellant and appellee as parties thereto made appellant's interest in the tugs $115,000. But it is said that afterwards in the state court appellee amended by increasing its claim against the appellant for the value of the raft from $71,249.90 to $110,983.13, and that subsequently in the brief filed by appellee the demand was again increased from $110,983.13 to $111,153.22 and interest thereon at the rate of 6 per cent. per annum from September 9, 1911, the date of the loss, and therefore that appellee's claim was made to exceed $140,-000, or $111,153.22, with interest at 6 per cent. from September 9, 1911, to July 21, 1916, the date of filing the petition.

It is clear that the Lumber Company made no claim in excess of $110,983.13. It never demanded more than that sum in its pleadings; and the suggestion, which was made in the brief filed by counsel in its behalf in the state court, that to the sum set forth as the value of the raft interest from September 9, 1911, "should" be added, was properly treated by the District Judge as not a formal demand, but rather as an argumentative way of emphasizing appellee's damages in the premises. The affidavit of those who are connected with the Lumber Company explicitly disavows any claim or intention ever to have claimed recovery against this appellant in excess of $110,983.13, and declares that the claim has always been limited, and was meant to be limited, to such sum and no other. In the face of so plain a disclaimer the Lumber Company must be held to have waived any possible claims it may have ever had to interest. There was, therefore, ample showing for overruling the appellant's contention that the appellee made a claim in the state court in excess of the value of the appellant's interest in the vessels at the close of their respective voyages when the raft was lost. Nothing in Rutenic v. Hamaker, 40 Or. 444, 67 Pac. 196, cited by appellant, conflicts with the presumption that the state court will not award interest in a case where it is not demanded. Sargent v. American Bank & Trust Co., 80 Or. 16, 156 Pac. 431; Hayden v. Astoria, 84 Or. 205, 164 Pac. 729.

The decree appealed from is affirmed.