CASPAR ZIMMERMAN *vs.* NELS MORROW.

October 21, 1881.

**Pleading—Stating Evidence instead of Facts.**—A pleading should state facts not evidence. If in any case a pleading which states only evidence can be held good, it can only be where the evidence stated is such that the conclusions of fact necessary to sustain the action or defence must inevitably follow.

**Same Complaint held to be Insufficient to show a Warranty.**—A complaint upon an alleged warranty upon the sale of a horse set forth "that at the time of said purchase, and before the same was made, one of the said horses was affected with what defendant said was a cold, which caused said horse to discharge at the nose; that, before this plaintiff bought said horses, the defendant told him, the plaintiff, that nothing ailed said horse but a cold, and that it was only such cold that caused the said horse to discharge from the nose as aforesaid;" and set forth nothing else as to time and circumstances, or as to the purpose for which the affirmations were made. *Held*, that the complaint does not set forth a contract of warranty.

Appeal by defendant from an order of the district court for Otter Tail county, *McKelvy*, J., presiding, refusing a new trial.

*Nelson & Ames*, for appellant.

*J. W. Mason* and *Williams & Chapman*, for respondent.

GILFILLAN, C. J.    Action upon an alleged warranty upon a sale by defendant to plaintiff of a span of horses.    The only attempt in the complaint to state a warranty is in these words: "That at the time of such purchase, and before the same was made, one of the said horses was affected with what defendant said was a cold, which caused said horse to discharge at the nose; that before this plaintiff bought said horses, the defendant told him, the plaintiff, that nothing ailed said horse but a cold, and that it was only such cold that caused the said horse to discharge from the nose as aforesaid." It then alleges that plaintiff relied upon and believed what defendant told him, and was thereby led to purchase the horses, and that in fact the horse had a dangerous disease called glanders, of which he

afterwards died. The answer put in issue the allegations in the complaint. At the trial, before any evidence was given, the defendant moved for judgment on the pleadings, on the ground that the complaint states no cause of action, and, this motion being denied, objected on the same ground to the plaintiff introducing any evidence. The objection was overruled, and, the cause being tried, plaintiff had a verdict. Defendant appeals from an order denying a new trial.

There being no allegation of deceit in making the sale, the complaint must be judged upon its sufficiency in alleging a contract of warranty. It attempts to do this, not by directly averring as a fact that such a contract, or any contract equivalent to it, was made, but by setting forth what, at best, is mere evidence of the fact. This is always bad pleading. A pleading should always allege issuable facts, and not the evidence by which such facts may be established; and if, in any case, a complaint or answer may be held to state a cause of action or defence where it sets forth only evidence, it can be only where the evidence set forth is such that the conclusions of fact necessary to sustain the action or defence must inevitably follow from such evidence. The evidence set forth in this complaint falls far short of that. It is not only not such that, if submitted to a jury without any other evidence, they would be bound to find a contract of warranty, but it is such that a jury could not from it find such a contract; for it does not appear under what circumstances, nor, except that it was before the sale, at what time, defendant told plaintiff what is stated in the complaint. It is not stated that it was during the negotiations for the sale, or in any way connected with them, or with a view to a sale, or to induce the plaintiff to buy. None of the circumstances under which the words were spoken are stated so that it may be known whether they were intended and were understood as merely expressing an opinion, or as indicating that defendant undertook or contracted that the horse had nothing more than a cold. The fact alleged, that plaintiff was led to purchase the horses by the representation, does not alter the case; for, there being no fraud, he had no right to rely upon it in making the purchase, unless it was.

made in such a manner and under such circumstances as gave him a right to understand that defendant intended to be bound by it as a part of the contract of sale. It was error to admit evidence under the complaint, because it stated no cause of action.

Order reversed.