ASLAK TORKELSON *vs.* OLE JORGENSON.

October 29, 1881.

**Requisites of Express Warranty on Sale of Chattels.**—To constitute an express warranty, there must be an express undertaking, in so many words, to warrant; or, if representations be relied on to make out the warranty, they must be made in such manner and circumstances as to authorize the vendee to understand that the vendor intended to be bound by them, as a part of the contract of sale, and he must accordingly have purchased in reliance upon them.

Appeal by defendant from a judgment of the district court for Polk county, *Stearns,* J., presiding, affirming a judgment of a justice court.

*Halvor Steenerson,* for appellant.

*Reynolds & Watts,* for respondent.

BERRY, J. This was an action before a justice of the peace, upon a promissory note. The defendant orally answered that the note was given in payment for a mower, bought by him of plaintiff; that, at the time defendant purchased the mower, plaintiff represented to him that it was a good and durable machine and would do good work; that these representations were false; that the mower was worthless and was incapable of doing the work it was intended to do, and unfit to use as a mower; that immediately after discovering that it was incapable of doing good work, defendant offered to return it to plain-

tiff, who refused to accept it; that he has ever been willing to return it; and that, by reason of the premises, he has been damaged in the sum of $35, viz., "by loss of time, in attempting to run said mower, $10;" by "destruction of the crops of hay, $25," all in consequence of the failure of the mower to work as represented, and he asks for judgment for $35 and costs. Defendant offered no testimony to prove his answer, but, insisting that it sets up a counterclaim, he contends here, as below and before the justice, that its truth is ad-admitted, no reply having been interposed.

The answer evidently attempts to set up breach of an express warranty. Assuming, for the purpose of this opinion only, that such breach can be the proper subject of a counterclaim in a justice's court, no such warranty is sufficiently alleged in the defendant's answer. To constitute an express warranty, there must be an express undertaking to warrant in so many words, or if representations be relied on to make out the warranty, they must be made in such manner and circumstances as to authorize the vendee to understand that the vendor intended to be bound by them, as a part of the contract of sale, and he must accordingly have purchased in reliance upon them. *Zimmerman* v. *Morrow, ante,* p. 367. That the defendant's answer falls far short of satisfying this rule, and therefore sets up no valid counterclaim, is, we think, quite apparent.

Judgment affirmed.