B. H. WARDER and others *vs.* THEODORE BOWEN.

December 28, 1883.

| 31 | 335 |
|----|-----|
| 52 | 95 |
| 31 | 335 |
| 82 | 78 |

**Warranty on Sale of Chattel.**—To constitute a warranty, neither the word "warrant," nor any equivalent word, is indispensable. A clear and positive affirmation or representation of the quality of a thing sold, made by a seller as part of a contract of sale, and relied upon by the purchaser, is a warranty.

**Reasonable Time a Question for Jury.**—Ordinarily, a question of reasonable time is for a jury. Application of this rule to the particular facts of this case.

Appeal by plaintiffs from an order of the district court for Wabasha county, *Start, J.*, presiding, refusing a new trial.

*H. D. Stocker*, for appellants.

*Woods & Hahn* and *Martin & Greer*, for respondent.

BERRY, J. This is an action to recover $275, which plaintiffs claim that defendant agreed to pay them as boot between his mower and harvester and binder, and their mower and harvester and binder. The machines were respectively delivered by each party to the other. The defence is that plaintiffs warranted their harvester and binder in respect to lightness of draught; that the agreement was that defendant should take it upon trial, and, if it did not fulfil the warranty, plaintiffs should take it back; that he took it accordingly, and, find-

ing upon trial that it did not run as warranted, notified plaintiffs. thereof, and that he should not keep it, and also returned it to them. Upon the issues raised by the reply, which denied the allegations. of the answer, the defendant had a verdict. This appeal is taken from an order denying plaintiffs' motion for a new trial, and presents. three principal questions, viz.: Was there evidence (1) of the warranty; (2) of the breach; (3) of a return within a reasonable time?

As to the facts of the warranty and the breach, though testimony is. conflicting, there is enough having a reasonable tendency to establish them. To constitute a warranty in law, neither the word "warrant," nor any equivalent word, is indispensable. A clear and positive affirmation or representation of the quality of a thing sold, when made by a seller as a part of a contract of sale, and relied upon by the purchaser, is a warranty. *Hawkins* v. *Pemberton,* 51 N. Y. 198; *Zimmerman* v. *Morrow,* 28 Minn. 367; *Torkelson* v. *Jorgenson,* 28 Minn. 383; 2 Benjamin on Sales, § 929.

Was there sufficient evidence of a return of the warranted harvester· and binder within a reasonable time? The time within which a required act is done may be so palpably unreasonable as to authorize a court to pronounce it so as a matter of law. *Boothley* v. *Scales,* 27 Wis. 626, and cases cited. Yet, ordinarily, the question of reasonable time is for a jury. *Cochran* v. *Toher,* 14 Minn. 293, (385;) *Roberts* v. *Mazeppa Mill Co.,* 30 Minn. 413. Upon such a question "the· rules of ordinary practice and convenience become the legal measure; and standard of right." 1 Stark. Ev. 517.

We perceive nothing to take this case out of the ordinary rule. The defendant was reasonably entitled to retain the machine for a time sufficient to afford him a fair opportunity to test it thoroughly, for the purpose of ascertaining whether it answered the warranty, and this time might be prolonged by the assent of the plaintiffs or· their agent. *Boothley* v. *Scales, supra.* The defendant appears to, have expressed to the agent of plaintiffs his dissatisfaction with the· "draught" of the machine within two or three days after his grain was in a condition to try it, and after he began to try it, and there-· afterwards to have continued the trial at the express solicitation of the. agent, from time to time, for a few days longer and until (the agent.

having come according to appointment, to see it work and assist in making it work) he distinctly informed him that it was not satisfactory, and that he would not keep it, that it was the plaintiffs' machine, and he would then and there assist him in loading it upon his wagon if he wished him to do so. In the course of two or three days defendant hauled the machine to Lake City, and there returned it to plaintiffs' agent, before the beginning of the wheat harvest. Upon such a state of facts it is impossible to say, as a matter of law, that the defendant's delay in returning the machine was unreasonable. The question of reasonable time was clearly one of fact for a jury, and the learned trial judge correctly so held and instructed.

This disposes of the principal matters in the case. As to the use of the machine to cut Pruden's grain, (aside from the fact that the jury might well consider this to be entirely proper in making a fair trial of it,) it is enough that it was done with the co-operation of plaintiffs' agent while the machine was on trial.

There was no error in excluding the offer to show that defendant did not return the machine until after the season for the sale of it had passed, for, whatever the fact might be, it did not alter or impair defendant's right to have a fair opportunity to test the machine or to continue the trial of it, as long as he was urged to do so by plaintiffs' agent.

Order affirmed.