[Decided June 28, 1894.]

## ABILENE NATIONAL BANK v. NODINE.

[S. C. 37 Pac. Rep. 47.]

SALE—BREACH OF WARRANTY—PLEADING.—Where a breach of warranty in the sale of a chattel is set up it is necessary to allege that the purchaser relied upon the warranty, and was thereby deceived.

APPEAL from Union: MORTON D. CLIFFORD, Judge.

This is an appeal from a judgment in favor of the defendants Fred Nodine, Geo. Blacker, and John Nodine in an action on a promissory note made by them to Thisler & Spilman, and alleged to have been sold and assigned before maturity, for value, to the Abilene National Bank. The making of the note is not in issue, but as a defense to the action it is averred "That on or about the sixteenth day of April, eighteen hundred and ninety-one, the said O. L. Thisler, payee of said note, was the owner of a certain stallion then in Union County, Oregon, which he bargained and sold to the defendants John Nodine and George Blacker, for the sum of one thousand eight hundred dollars, of which sum he received eight hundred dollars, and the promissory note described in the complaint was given for the balance of the purchase price of said stallion; that at the time of said sale to Blacker and Nodine, Thisler warranted the stallion to be perfectly sound in every respect, and for the purpose for which they, as stockraisers, had use for a stallion, or could use the same; that Fred Nodine, one of the joint makers of the note, was merely a surety thereon, without any consideration moving to him from said Thisler; that said note was transferred by said payees to plaintiff, if at all, long after the same became due and payable; that said stallion was not sound, was not perfect in body or in other respect,

and was and is perfectly worthless, and by reason thereof the consideration of the note sued upon had wholly and entirely failed."

After plaintiff had introduced its testimony and rested defendants were permitted, against plaintiff's objections, to offer proof in support of the defense above set out. The trial resulted in a verdict for defendants and plaintiff appeals.                                    REVERSED.

*Mr. C. H. Finn,* for Appellant.

*Mr. Thos. H. Crawford,* for Respondent.

Opinion by MR. JUSTICE BEAN.

The first assignment of error in the notice of appeal is the action of the trial court in overruling plaintiff's demurrer to the evidence supporting the new matter in the answer.    The argument is that the answer is insufficient to constitute a defense because it does not aver that defendants relied upon the alleged warranty in making the purchase.    To constitute an express warranty, such as is attempted to be alleged in the answer, there must be, as part of the contract of sale, either an express undertaking to that effect, or some affirmation or representation as to the quality or condition of the thing sold, made at the time of the sale, for the purpose of inducing the buyer to make the contract, and in either case the buyer must have relied upon the agreement or representation in making the purchase.    It is elementary law that unless the purchaser of personal property relied and acted upon the statement or representation of the seller as to the quality or condition of the thing sold, and was thereby induced to make the purchase, he cannot maintain an action for a breach of warranty; and hence it is sometimes held that a general warranty does not apply to

obvious defects known to the purchaser, because, in the very nature of things, one cannot rely upon the truth of that which he knows to be untrue. It is therefore essential in an action for a breach of warranty for the purchasser to allege that he relied upon the warranty and was thereby deceived: 1 Estee's Pleading, §§ 1592–1593; *Holman* v. *Dord*, 12 Barb. 336; *Torkleson* v. *Jorgenson*, 28 Minn. 383, 10 N. W. 416; *Zimmerman* v. *Morrow*, 28 Minn. 367, 10 N. W. 139; *Watson* v. *Roode*, 30 Neb. 264, 46 N. W. 491; *Reed* v. *Hastings*, 61 Ill. 266. The answer herein failing to comply with this rule does not state facts sufficient to constitute a defense, and for this reason is fatally defective.

The other assignments of error arise out of the ruling of the court in the admission and exclusion of testimony and instructions given and refused, but the bill of exceptions is so imperfect that we consider it best not to attempt to pass upon any of the questions thus suggested. The judgment of the court below will therefore be reversed, and the cause remanded for such further proceedings as may be proper, not inconsistent with this opinion.

REVERSED.