## JOSEPH SIEGEL v. WILLIAM RIEBOLT.[1]

March 24, 1910.

Nos. 16,360—(131).

**Warranty.**

Warder v. Bowen, 31 Minn. 335, followed to the effect that "a clear and positive affirmation or representation of the quality of a thing sold, when made by a seller as a part of a contract of sale **and relied upon by** the purchaser, is a warranty."

**Findings Sustained by Evidence.**

Evidence considered, and *held* to sustain findings.

[1] Reported in 125 N. W. 582.

Action in the municipal court of St. Paul against W. E. Barker and William Riebolt to recover $422.50 for breach of a warranty in the sale of two horses. The action was dismissed as to defendant Barker. The case was tried before Finehout, J., who found in favor of plaintiff for the sum of $200. From an order denying defendant Riebolt's motion for a new trial, he appealed. Affirmed.

*Thomas C. Daggett,* for appellant.

*David F. Peebles* and *Emil W. Helmes,* for respondent.


O'Brien, J.

The plaintiff purchased two horses from the defendant Riebolt, and subsequently brought this action to recover damages for an alleged breach of warranty as to the horses. The action was tried in the municipal court without a jury, and judgment was ordered against the defendant Riebolt for $200.

The horses appear to have been purchased together for the price of $225. In the complaint their purchase is alleged separately for the sum of $112.50 each, and it is also alleged that neither horse was worth more than $87.50. The warranty claimed as to one was that the horse was in all respects perfectly sound, and, especially, free from heaves, while it was alleged the horse was unsound, afflicted with heaves, and died shortly after the purchase; as to the other, that he was a good worker and not balky, while in fact he was so balky as to be practically unfit for use. The complaint also alleged that the plaintiff relied upon these representations. The court found that the horses were warranted perfectly sound, good workers, not balky, and, especially, free from heaves, and that the real condition of each of the horses was as alleged in the complaint. The defendant claims that the evidence does not justify the finding there was an express warranty, and, further, that under the allegations of the complaint the highest amount the plaintiff could recover is $175. The complaint contained other causes of action, in which loss of earnings by reason of the condition of the horses was alleged; but, nothing having been allowed on that account, those claims will not be again referred to.

1. It must be confessed that the evidence as to an express warranty

is very slight. The plaintiff testified that the defendant Barker, who was the manager at the barn and the person who actually made the sale, said: "* * * They are sound all over. They are not heavy, or wind-broken, or anything. * * *" Barker testified: "* * * I stated I thought they would make him a good team, and sold them to him; and I told him if they didn't to bring them back, and I sold them to him that way for $225. * · * *" Barker further testified that the plaintiff complained to him as to the condition of one of the horses, and he said: "* * * If she don't suit you, bring her back, and I will give you another horse. * * *" It appears from the evidence that the plaintiff reported to defendant the condition of the horses as he found it to be, and that another horse was offered to the plaintiff in place of the one which he claimed was diseased, but on condition that an additional sum be paid. The evidence, taken all together, leads to the conclusion that the plaintiff knew very little about horses, and relied upon the representations of the salesman as to their condition.

It is often difficult to distinguish between mere expressions of opinion by the vendor and representations to induce a sale, which, when relied upon, amount to a warranty. To create a warranty it is not necessary that any particular words be used, and if the vendor of property, for the purpose of procuring a sale and as a part of the contract, makes a positive statement as to its character or condition, and the statement so made is relied upon by the purchaser, it amounts to a warranty, the rule of caveat emptor does not then apply, and the purchaser may recover. In Warder v. Bowen, 31 Minn. 335, 336, 17 N. W. 943, it was said: "A clear and positive affirmation or representation of the quality of a thing sold, when made by a seller as a part of a contract of sale and relied upon by the purchaser, is a warranty"—citing Hawkins v. Pemberton, 51 N. Y. 198, 10 Am. Rep. 595; Zimmerman v. Morrow, 28 Minn. 367, 10 N. W. 139; Torkelson v. Jorgenson, 28 Minn. 383, 10 N. W. 416; 2 Benjamin, Sales, § 929.

The memorandum of the trial judge as to his conclusions is not a part of the findings, and under the well-established rule that

slight evidence only is required to sustain a finding of fact made by a trial court we conclude that there was an express warranty.

2. Under the complaint the plaintiff was entitled to recover no more than $175, and the order denying a new trial is affirmed, without prejudice to the right of defendant to make application to the municipal court to restrict the judgment to be entered to that amount.

Order affirmed.