Argued January 27, affirmed February 15, 1921.

## WILLIAMS v. INGLE.

(195 Pac. 570.)

**Pleading—Action by Buyer for Breach of Contract Held to Sound in Tort and not to be One on an "Account."**

1. An action by the buyer of a hotel for the seller's breach of contract which stipulated that the heating plant would be in good order, the premises clean, and the bedding and linens in order, is one sounding in tort and not an action of account; consequently the buyer could not be required, under Section 84, Or. L., to give a detailed statement of the items sued on, the section being applicable only to actions of account, and the term "account" referring to items of debit and credit arising out of the performance of the contract.

**Sales—"Warranty" Defined.**

2. A "warranty" is the obligation by which one contracts to defend another in some action to be instituted against him or an agreement collateral to the main purpose of the contract, or a more or less unqualified promise of indemnity against a failure in the performance of a term in the contract.

**Sales—Reliance upon Warranty Need not be Pleaded Where the Warranty is as to Future Performance.**

3. The rule that it is necessary to allege reliance on and deception by the warranty pleaded, while applicable to a warranty of present quality of article sold, because negativing buyer's acceptance with knowledge of defects, is inapplicable to a case where the warranty alleged is the seller's representation that he will perform some act in the future; so no pleading of reliance upon the warranty was required where the warranty pleaded was that the seller of a hotel lease and furniture and fixtures, on delivery of the property some ten days after the sale, "shall have the * * property in good clean condition, * * and that the steam-heating and hot-water plant * * are in good operating condition at the time said vendee takes possession."

Pleading—Allowance of Amendment Asserting Reliance on Warranty of Seller not Error.

4. In an action by the buyer for breach of the seller's agreement for a sale of hotel, which stipulated that the heating plant was in good order, it was not improper to allow an amendment of the complaint averring the buyer's reliance on the warranty, for Section 97, Or. L., declares that no variance shall be deemed material unless actually misleading, while Section 98 provides that when the variance is not material the court may direct either the fact to be found according to evidence or an immediate amendment; it being obvious that the buyer did rely on the warranty.

Sales—Buyer has an Election to Keep Property and Recover Damages.

5. Where the seller of a hotel agreed that the heating plant was in good order, etc., the buyer, after going into possession, may elect to keep the property and recover damages, although the heating plant, etc., was not in good order.

Sales—Question Whether Heating Plant of Hotel was in Good Order Held for Jury.

6. Though defects in heating plant of hotel were not discovered immediately on transfer of possession, yet, where the boiler tubes were, a few weeks later, found to be exceedingly rusty, that fact is sufficient to take to the jury the question whether the plant was in good order at the time of the sale.

Appeal and Error—Finding of Jury Conclusive.

7. Fact finding of the jury supported by the evidence is conclusive on the appellate court.

From Multnomah: JOHN P. KAVANAUGH, Judge.

Department 1.

The substance of the complaint is that on July 2, 1918, the defendant held a lease upon a hotel in Portland and at that time entered into an agreement with the plaintiff to sell to the latter the lease, together with the furniture, fixtures, and equipment of the hotel. The agreement is in writing and by copy is made part of the complaint, the defendant being named' therein as the vendor and the plaintiff as the vendee. It contains this stipulation:

"It is further agreed that the said vendor shall have the said mentioned property in a good clean condition, including bedding, linens, and other personal property hereinabove mentioned, and that the steam-

heating and hot-water plant and elevator machinery are in good operating condition at the time said vendee takes possession."

It is stated that the plaintiff performed everything obligatory upon him under the agreement and that he took possession on July 12, 1918. It is alleged, in substance, that when possession was surrendered to him the bedding and linen were not in a good clean condition; that the steam-heating plant was not in good condition or in condition to be operated at all; and that the defendant had allowed dirt and rubbish to accumulate in the basement and some of the rooms of the building, rendering the same unfit for use or occupancy for hotel purposes. It is said that the defendant was notified of these defects and that he refused to provide against them, on account of which the plaintiff was obliged to and did remedy them, and in so doing was necessarily compelled to and did expend a total of $630.75. He also says that because of the defendant's breach of the agreement he lost patronage of the hotel and a great deal of time himself and his employees in renovating the steam-heating plant, to his further damage in the sum of $250.

The only defense interposed is a denial of the whole complaint. Prior to filing his answer the defendant demanded a sworn statement of the particular items constituting the damage to plaintiff alleged in the complaint. In response to this the plaintiff furnished a bill of particulars, reiterating the items mentioned in the complaint, except that he segregated the repairs on the hot water system into two amounts, to wit: mason work, $64.10, and repair of boiler, $515. He itemized the special damage for loss of patronage into four particulars, of which it is not necessary to take further notice because the jury allowed only for the

actual damages.  A further motion was made before answering, to require the plaintiff to make the bill of particulars more definite and certain, but this was overruled.

A jury trial resulted in a verdict for the plaintiff for $630.75, being the exact amount plaintiff alleged he was compelled to expend in renovating the linen, removing rubbish from the hotel, and repairing the heating system.  From the ensuing judgment the defendant appeals:                    AFFIRMED.

For appellant there was a brief over the names of *Mr. Wilson T. Hume, Mr. George Estes,* and *Mr. E. M. Morton,* with an oral argument by *Mr. Hume.*

For respondent there was a brief over the name of *Messrs. Wilbur, Spencer, Beckett & Howell,* with an oral argument by *Mr. F. C. Howell.*

BURNETT, C. J.—1. At the trial the defendant objected to receiving any evidence respecting the items of damages claimed, on account of not receiving a detailed statement of the items sued upon, but his objection was overruled.   Section 84, Or. L., reads thus:

"A party may set forth in a pleading the items of an account therein alleged, or file a copy thereof, with the pleading verified by his own oath or that of his agent or attorney, if within the personal knowledge of such agent or attorney, to the effect, that he believes it to be true.  If he do neither, he shall deliver to the adverse party, within five days after a demand thereof, in writing, a copy of the account, verified as in this section provided, or be precluded from giving evidence thereof.  The court or judge thereof may order a further account when the one filed or delivered is defective."

In law actions under our Code of Civil Procedure this is the only authority for demanding items of an account. This, however, is not an action upon an account. It is an action for breach of a contract. It sounds in tort. The term "account" refers to items of debit and credit arising out of performance of a contract: 1 Words and Phrases, title "Account." Strictly speaking, the defendant was not entitled to any itemized statement. There was no error in receiving evidence, therefore, of the amount of damages.

2, 3. The bill of exceptions abounds in assignments of error predicated upon the action of the court in refusing to compel the plaintiff to elect whether he deemed the clause of the contract already quoted a representation or a warranty, and in finally instructing the jury that the proceeding was upon a warranty. Coupled with this also is an exception to the court's allowing the plaintiff to amend the complaint by interlineation to the effect that in entering into the contract he relied upon the provision already mentioned. Warranty is defined in 40 Cyc. 492, in these terms:

"The obligation by which one contracts to defend another in some action which may be instituted against him; an agreement which refers to the subject-matter of a contract, but, not being an essential part of the contract, either by the nature of the case or by the agreement of the parties, is collateral to the main purpose of such contract, an express or implied statement of something which the party undertakes shall be part of a contract, and though part of the contract, yet collateral to the express object of it; a more or less unqualified promise of indemnity against a failure in the performance of a term in the contract."

In the opinion of the writer, the complaint was sufficient without the amendment. In substance it showed that the defendant had agreed to deliver the property in question in certain condition, but that he failed to perform his stipulation in that respect, on account of which the plaintiff was compelled to incur expenses in doing what the defendant had agreed to do and which was essential to the proper enjoyment of the property within the contemplation of the parties. The stipulation was one of the direct and principal terms of the contract, part of the contractual consideration inducing the plaintiff to pay the price, a breach of which would result in damages as for a violation of a covenant. The defendant had promised certain things to be fulfilled by him in the future, to wit, on delivery of the property some ten days afterwards. Under such circumstances there is no more occasion to plead reliance on his agreement in an action of damages for its breach than there would be if he were sued for breach of promise to pay money or to deliver lumber or wheat in certain quantities.

It is said in *Abilene Nat. Bank* v. *Nodine,* 26 Or. 53 (37 Pac. 47), that where a breach of warranty in the sale of a chattel is set up it is necessary to allege that the purchaser relied upon the warranty and was thereby deceived. The same doctrine is taught in *Feeney & Bremer Co.* v. *Stone,* 89 Or. 360 (171 Pac. 569, 174 Pac. 152). In both of these cases the seller represented to the buyer that the property sold had certain present qualities and not, as here, that he would perform some act afterwards. In such a state of facts, there is good reason for the rule that the purchaser must show that he relied on the warranty; for, if he knew the goods did not possess the guaran-

teed quality and yet accepted them, he has no cause to complain. The instant case is not like those mentioned and they are not applicable to the present contention in the matter of warranty.

4. The defendant complains that without the amendment the complaint did not state a cause of action. Conceding, without deciding, that the excerpt from the contract already quoted was a warranty, yet in our judgment the action of the court in allowing the amendment did not prejudice the defendant. In common sense the purpose of the action is quite apparent, namely, to recover damages for the failure of the defendant to perform the terms of the agreement by him to be performed. It is said in Section 97, Or. L.:

"No variance between the allegation in a pleading and the proof shall be deemed material, unless it have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the court, and in what respect he has been misled; and thereupon the court may order the pleadings to be amended upon such terms as shall be just."

It is not alleged or intimated in any manner that the defendant was misled by the difference between the allegations of the complaint and the evidence. There was no objection to the testimony for incompetency or immateriality, but only because a proper itemized account was not furnished. From what has already been said, the objection is of no moment, and hence the defendant is in no situation to complain on that point. Moreover, in Section 98 the rule is laid down thus:

"When the variance is not material, as provided in the last section, the court may direct the fact to be found according to the evidence, or may order an immediate amendment, without costs."

To be material the variance must have actually misled the defendant to his prejudice. No different evidence was required to maintain the action or defense on account of the amendment or without it, so that there was no error in the action of the court in that respect.

5. It is assigned as error that no evidence was introduced showing the reliance of plaintiff upon the representation made by defendant or that the plaintiff was deceived thereby. So far as that is concerned, that exception might be germane to the consideration of the case, if this had been a suit to rescind the contract on the ground of fraud inducing its execution on the part of the plaintiff. This, however, is a case where the plaintiff purchased property from the defendant on certain conditions and terms. He does not seek to rescind the contract, but only to recover damages for its breach. He has elected to keep the property, and brings himself within the rule approved in *Feeney & Bremer Co.* v. *Stone,* 89 Or. 360 (171 Pac. 569, 174 Pac. 152), quoted from *Douglass Axe Mfg. Co.* v. *Gardner,* 10 Cush. (Mass.) 88:

"The buyer has, if not a double remedy, at least a choice of remedies, and may either return the property within a reasonable time, or keep it and maintain an action for breach of the warranty."

This is well settled by numerous precedents in this state. Besides all this, the fact that the plaintiff paid part of the purchase price is some evidence that he relied upon the defendant's promise, whether it

be called warranty, covenant, agreement, stipulation, compact, or other synonym for contract.

6, 7. Other objections are urged upon the insufficiency of the testimony to justify the verdict. The defendant contends that there was no direct evidence showing that the heating plant was out of order on July 12, 1918, the date of delivery thereof to the plaintiff. The contention seems to be that because the disorder was not discovered until some weeks later, the jury could not find that it existed at the date of delivery. There is evidence, however, that when discovered the boiler tubes were exceedingly rusty, a condition which the jury was authorized to find could not have occurred in the interim. There was testimony which the jury was entitled to consider as tending to show that the plant was out of order at the time of delivery. With that question, therefore, we have nothing to do.

The conclusion is that the judgment must be affirmed.                                          AFFIRMED.

McBRIDE and BENSON, JJ., concur.

HARRIS, J., concurs in the result.