Argued May 8, affirmed June 14, 1972

THOMAS, *Respondent, v.* HOWSER, *Appellant.*

497 P2d 1163

*Carl R. Neil,* Portland, argued the cause for appellant. With him on the briefs were Lindsay, Nahstoll, Hart, Duncan, Dafoe & Krause, Portland.

*Sam A. McKeen,* Klamath Falls, argued the cause and filed the brief for respondent.

TONGUE, J.

This is an action for attorney fees for the representation of defendant in a divorce case. The com-

plaint sought payment of $7,060.34 as the balance due and owing for such legal services. The case was tried before the court, without a jury. Defendant appeals from a judgment in the sum of $3,060.34.

Defendant's first assignment of error is that the court erred in overruling defendant's objection to the admission of any evidence in support of plaintiff's claim because of his failure to comply with defendant's demand under ORS 16.470 for a verified statement of the items of the account alleged in plaintiff's complaint.[1]

■ The provisions of ORS 16.470 are applicable, in accordance with the terms of that statute, in actions on an account. The statute does not apply, however, in an action for the reasonable value of services. *Hayden v. City of Astoria*, 84 Or 205, 218, 164 P 729 (1917). Neither does such a statute apply in an action on an account stated. *Henning v. Clark*, 46 Cal App 551, 189 P 714 (1920); and *Martin v. Heinze*, 31 Mont 68, 77 P 427 (1904). See *Lyell v. Walbach*, 111 Md 610, 75 A 339 (1909). See also *Hayden v. City of Astoria, supra*, at 218. This is because the "crux" of an action on an account stated is not the account, but the "agreement between the parties that a certain amount is owing and will be paid." *Sunshine Dairy v. Jolly Joan*, 234 Or 84,

---

[1] ORS 16.470 provides as follows:

"*Pleading account; delivery of copy of account; further account.* A party may set forth in a pleading the items of an account therein alleged, or file a copy thereof, with the pleading verified by himself, or his agent or attorney, if within the personal knowledge of such agent or attorney, to the effect that he believes it to be true. If he does neither, he shall deliver to the adverse party, within five days after a demand thereof in writing, a copy of the account, verified as in this section provided, or be precluded from giving evidence thereof. The court or judge thereof may order a further account when the one filed or delivered is defective."

85, 380 P2d 637 (1963); and *Williams v. Ingle*, 99 Or 358, 362, 195 P 570 (1921).

Even in actions on account some courts have held that the terms of such statutes are directory, rather than mandatory, and have permitted plaintiff to offer evidence despite failure to comply with such statutes where the defendant has not been misled or prejudiced. *Miller v. Village of Mullan*, 17 Idaho 28, 104 P 660 (1909); *Provenzano v. Shidler*, 68 Nev 232, 229 P2d 145 (1959). See *Elmore v. Tingley*, 78 Cal App 460, 248 P 706 (1926). See also *Hayden v. City of Astoria, supra*, at 218-219, and *Culver v. Rendahl et ux*, 211 Or 682, 695, 318 P2d 275 (1957). Other courts, however, have held such statutes to be mandatory. *Holmes v. Graves*, 83 Ariz 174, 318 P2d 354 (1957); *Kaffer v. Hunt*, 108 Colo 329, 117 P2d 311 (1941).

■ The complaint in this case included allegations which would have been appropriate in an action on an account. It also alleged, however, that between certain months plaintiff "performed professional services in the prosecution of said suit at Defendant's special instance and request, for which Defendant promised and agreed to pay and which were reasonably worth" the sum of $7,500. The complaint went on to allege that a balance of $7,060.34 remained due and owing.[2] These allegations, at least in the absence of

---

[2] Paragraph II of the complaint alleges as follows:

"That between the months of November, 1966 and September, 1967 inclusive, Plaintiff represented Defendant as his attorney in a suit filed by Defendant against his former wife, Shirley June Howser in the Klamath County Circuit Court as Case Number 66-219 E, and performed professional services in the prosecution of said suit at Defendant's special instance and request, for which Defendant promised and agreed to pay and which were reasonably worth the sum of SEVEN THOU-

a demurrer or motion to make more definite and certain, were sufficient in an action for the reasonable value of services. *Sullivan et al v. Carpenter,* 184 Or 485, 488-89, 199 P2d 655 (1948); *Johnson v. Fitzhugh,* 91 Or 247, 250, 178 P 230 (1919).

■ The complaint also alleged that upon the completion of these services plaintiff demanded payment of $7,060.34, "which sum defendant agreed to pay," but thereafter refused to pay. These allegations, together with the previous allegations, and in the absence of a demurrer or motion to make more definite and certain, might have been sufficient in an action on an account stated. *Sunshine Dairy v. Jolly Joan, supra,* at 85. Cf. *Mortensen v. Dayton S. & G. Co.,* 143 Or 273, 274-75, 22 P2d 320 (1933). See also *Crawford v. Hutchinson,* 38 Or 578, 65 P 84 (1901).

No demurrer or motion to strike or to make more definite and certain was filed in this case. Neither did defendant move to require an election of remedies or a separate statement of more than one cause of action. As previously stated, ORS 16.470 has no application in an action for the reasonable value of services or an action for an account stated. It follows that the trial

---

SAND FIVE HUNDRED AND 00/100 ($7,500.00) DOLLARS: Plaintiff further expended in behalf of said Defendant upon his promise to repay the same necessary costs and disbursements in connection with such services amounting to the sum of EIGHT HUNDRED NINETY-FOUR AND 37/100 ($894.37) DOLLARS; that the total sum which became due and owing from Defendant to Plaintiff is the sum of EIGHT THOUSAND THREE HUNDRED NINETY-FOUR AND THIRTY-SEVEN/ 100 ($8,394.37) DOLLARS, no part of which sum has been paid except the sum of ONE THOUSAND THREE HUNDRED THIRTY-FOUR AND THREE/100 ($1,334.03) DOLLARS, and there remains now due and owing to Plaintiff from Defendant a balance of SEVEN THOUSAND SIXTY AND THIRTY-FOUR/100 ($7,060.34) DOLLARS."

court did not err in overruling defendant's objection to plaintiff's evidence.

Defendant also assigns as error the overruling of his objection to the admission in evidence of plaintiff's office diary containing entries made by his secretary listing persons who came to plaintiff's office and who telephoned plaintiff.

Plaintiff testified, without objection, that "the office records indicate 184 incoming phone calls and something like 104 conferences" relating to this case. He then testified that "the office records" included an office diary kept by his secretary "regularly in the course of my office" and which accurately reflected "the number of consultations and the number of phone calls that you had * * * in this case with Mr. Howser," including conferences and calls made to others in connection with the case.

The office diary was then offered in evidence. In cross-examination "in aid of an objection" it was then developed that although the office diary showed the names of persons who came to the office and the names of persons who made incoming telephone calls to plaintiff or to whom such calls were made by plaintiff, it did not further identify these names and that plaintiff could not personally remember each call or conference. It also was developed on cross-examination that some time after the original diary entries were made and in preparation for this case, plaintiff went through the diaries and his files and directed his secretary, under his supervision, to make check marks after the entries which, in his judgment, and based upon his examination of the files, concerned his representation of defendant.

Defendant then objected to the office diary on

the ground, among others, that it could not be used to refresh plaintiff's recollection because he had no independent recollection and that it was not "within the statute of business records" (ORS 41.690) because "the check marks were put on at a later time." Those objections were overruled.

Plaintiff also offered in evidence the files which had been examined by him as a part of the process of instructing his secretary to place the check marks in the office diary. No assignment of error has been taken to the admission in evidence of these files.

■ It may be that defendant's objections to the office diary were well taken. It is well established in Oregon, however, that in a case tried before the court, without a jury, the admission of incompetent evidence over objection will not ordinarily be a ground for reversal if there was competent evidence received sufficient to support the findings, because it will be presumed that the trial court disregarded the inadmissible evidence and relied on the competent evidence, unless it reasonably appears from the record that the incompetent evidence influenced the trial court in its decision. *Borntrager v. McCann,* 244 Or 620, 629, 420 P2d 53 (1966); *Lenahan v. Leach,* 245 Or 496, 500, 422 P2d 683 (1967). See also McCormick *On Evidence* 137, § 60 (2d ed 1972).

■ In this case the trial judge rejected plaintiff's contention that he was entitled to be paid attorney fees in the sum of $7,060.34, but found that he was entitled to a reasonable attorney fee, including costs and less payments, in the sum of $3,060.34. After examining the record, including plaintiff's voluminous office files, we find that there was substantial competent evidence to support that finding, in addition to, and

358

not including the office diary. We also find no reasonable basis to support the possible contention that the office diary had any substantial influence upon the decision of the trial court in this case.

■ Defendant has also moved for a new trial on the ground that this same exhibit, the office diary, has been lost or destroyed, through no fault of either party. ORS 19.130(3) provides that in such event the judgment appealed from "may be reversed and a new trial ordered as justice may require." After examining the record in this case we conclude that the judgment of the trial court was proper and was supported by substantial evidence, despite the missing exhibit, and that justice does not require that a new trial be ordered because of that fact.

Affirmed.