Argued February 23, reversed and remanded May 8, reconsideration denied June 14, petition for review allowed September 6, 1978

COOLEY, *Appellant,*
*v.*
ROMAN, *Respondent.*
(No. A75-455, CA 9455)
578 P2d 491

David A. Piper, Eugene, argued the cause and filed the brief for appellant.

Scott M. Galenbeck, Springfield, argued the cause for respondent. With him on the brief was Lively & Wiswall, Springfield.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

GILLETTE, J.

**GILLETTE, J.**

Plaintiff sued defendant for payment for certain legal services, alleging an "account stated." Defendant filed a general denial. Both parties then filed motions for summary judgment supported by affidavits. The trial court denied summary judgment to plaintiff and granted summary judgment to defendant. Plaintiff's motion to set aside the judgment was denied.

Plaintiff appeals, claiming (1) summary judgment should have been granted in his favor, (2) summary judgment should not have been granted to defendant, and (3) the trial court's denial of his motion to set aside the judgment represented an abuse of discretion. Because we believe that the trial court erred in granting summary judgment to defendant, we reverse.

Plaintiff's complaint was filed on June 1, 1977. It alleged that

> "* * * on or about the 27th day of May, 1977, at Eugene, Oregon, an account was stated between the Plaintiff and the Defendant, and upon such statement of account, Defendant was indebted to the Plaintiff in the sum of $2,451.59."

The complaint further alleged an agreement to pay, and failure to do so.

On June 16, 1977, the attorney for defendant made the following request by letter of the attorney for plaintiff: "Would you please be so kind as to send me a verified written statement of the account that is the subject of that lawsuit." Plaintiff responded by letter dated June 22, 1977, in which plaintiff discussed the background of the litigation, and closed by stating that he had enclosed "an itemization of charges and credits made to defendant's account."

Defendant then filed an answer in which he generally denied the allegations of plaintiff's complaint.

Plaintiff then filed his motion for summary judgment on the ground that there existed no genuine

issue of liability. Plaintiff's motion was accompanied by the affidavit of Patricia K. Barnhart dated July 12, 1977, in which Barnhart, the secretary/bookkeeper for plaintiff, stated that she had regularly mailed defendant billing statements, that defendant had made periodic payments, and that defendant had at no time denied owing plaintiff the amounts claimed.

Defendant then filed his motion for summary judgment on the ground that there existed no genuine issue of liability. The motion was accompanied by defendant's affidavit stating that the charges reflected in the summary of account attached to the Barnhart affidavit were primarily incurred for work done for a corporation, and that although some of the charges were for defendant personally, defendant could not identify from the summary of account which charges were which. Defendant further stated that he had at no time agreed to be liable personally for the work done in behalf of the corporation. No counter-affidavit filed on behalf of plaintiff alleged that the billings rendered to defendant and on which defendant made payment included charges for services to both the corporation and the defendant.

Also accompanying defendant's motion for summary judgment was an affidavit of defendant's attorney in which the attorney recited having sent the previously described letter to plaintiff's attorney, and having received by mail the previously discussed response from plaintiff.

The trial court acting pursuant to ORS 18.105(3)[1]

---

[1] ORS 18.105(3) provides:

"The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

denied summary judgment to plaintiff but granted it to defendant.

## 1. Denial of Plaintiff's Motion for Summary Judgment.

■ Although described in his complaint as an action on an "account stated," the affidavits reveal that plaintiff's action was actually based on an "account." This distinction has legal significance.

> "An account stated is an agreement between persons who have had previous transactions of a monetary character fixing the amount due in respect to such transactions and promising payment." *Steinmetz v. Grennon,* 106 Or 625, 634, 212 P 532 (1923).

■ By contrast, an "account" is merely a statement by one party to another of the first party's view of the state of financial obligations between them. The second party has not necessarily agreed on the amount or, indeed, that he is obligated at all. *See Sunshine Dairy v. Jolly Joan,* 234 Or 84, 380 P2d 637 (1963).

In this case, defendant's affidavit claimed that he was not liable for some of the charges upon which plaintiff was suing. It follows that there was no "agreement * * * fixing the amount due," and that there was therefore no account stated.

■ Plaintiff maintains, however, that defendant had acquiesced in the account by failing to object to it, thereby converting it into an "account stated." It is true that an account stated may be created by the failure to object within a reasonable time to a repeated billing. *Crim v. Thompson,* 98 Or 599, 613, 193 P 448 (1920). However, there is nothing in the facts shown by the affidavits in this case to suggest that it was reasonable to expect defendant to have objected to the billings. If, for instance, defendant was an agent for the company which he claims is responsible for a portion of the account, there might have been no reason for him to object. His first reason to object did not arise until he learned that plaintiff felt he was personally liable for the entire amount.

The plaintiff's claim was on an "account," not an "account stated." It follows that defendant was entitled to dispute the amount he owed on the account.

■ ORS 18.105(3) authorizes summary judgments where "there is no genuine issue as to any material fact and * * * the moving party is entitled to judgment as a matter of law." The affidavits establish that there *was* a genuine issue of fact as to the amount defendant owed on this account. Plaintiff's motion for summary judgment was properly denied.

### 2. Granting of Defendant's Motion for Summary Judgment.

The trial court granted defendant's motion for summary judgment. Defendant had requested summary judgment because he claimed plaintiff had failed to comply with ORS 16.470 which provides:

> "A party may set forth in a pleading the items of an account therein alleged, or file a copy thereof, with the pleading verified by himself, or his agent or attorney, if within the personal knowledge of such agent or attorney, to the effect that he believes it to be true. If he does neither, he shall deliver to the adverse party, within five days after a demand thereof in writing, a copy of the account, verified as in this section provided, or be precluded from giving evidence thereof. The court or judge thereof may order a further account when the one filed or delivered is defective."

Defendant requested by letter that plaintiff provide him a "verified written statement of account." His request did not specifically mention the statute. In response, plaintiff's counsel provided an unverified summary of account more than five days after receiving the request. The trial court apparently took the view that defendant's request adequately invoked the requirements of ORS 16.470, that plaintiff's response did not comply with ORS 16.470, and that the court could therefore refuse to consider evidence of the account in question. Without evidence of the account, plaintiff's proof would fail; defendant therefore was entitled to summary judgment.

[ 306 ]

Plaintiff attacks each step of this analysis: First, plaintiff maintains that his complaint was on an "account stated," and ORS 16.470 is inapplicable. This issue has been resolved contrary to plaintiff's position, *supra.* Next, plaintiff contends that the letter from defendant's attorney was insufficient to invoke the statute. We have found no case dealing with the precise question of what language is sufficient to invoke the provisions of the statute, and the parties have not cited any.

■■ No formal words of demand are or should be required. *See Willis v. Hoover,* 9 Or 418, 424 (1881). Any words which fairly convey the fact that the writer is invoking a claim of right, rather than merely requesting a courtesy, should suffice. Examined in this light, we believe that the language in defendant's letter could be said to have appropriately advised plaintiff that a demand was being made. We find support in this view from the fact that:

    (1) Plaintiff was an attorney, and

    (2) Plaintiff, as an attorney, was sufficiently sophisticated with respect to contract actions to have attempted, from the outset, to couch his case in terms of an "account stated."

Under these circumstances, plaintiff might fairly be charged with notice of ORS 16.470's terms, and with the responsibility for recognizing defendant's letter as an invocation of the statute. We do not need to decide this question, however, because—assuming the statute was properly invoked—we agree with plaintiff that application of the statute's sanction is not mandatory, and that the trial court erred in applying it.

■ On its face, the language in ORS 16.470 requiring that a party "* * * *shall* deliver [a verified account] * * *" or be precluded from giving evidence thereof" appears mandatory. However, as the Supreme Court has previously noted:

    "Even in actions on account some courts have held that the terms of such statutes are directory, rather than

mandatory, and have permitted plaintiff to offer evidence despite failure to comply with such statutes where the defendant has not been misled or prejudiced. [citing cases]" *Thomas v. Howser,* 262 Or 351, 354, 497 P2d 1163 (1972).

*Thomas* was decided on other grounds, and thus did not resolve the question here. We now hold that the statute should be held to be directory, at least where the party invoking it has not been misled or prejudiced.

Our view is based in part on the language of the statute itself. While requiring that a verified account be timely filed (or evidence thereof will be excluded), the statute goes on to provide that, "The court * * * may order a further account when the one filed or delivered is defective." If we were to take the view that the statute is mandatory, it would mean that a totally accurate and complete account filed one day late would result in exclusion, while an inaccurate or incomplete account filed on time would not, although the latter case bears far more potential for abuse, delay and prejudice to the moving party than does the former.

The present case illustrates the point. While not timely filed, or verified, there is no suggestion from the affidavits that the accounting rendered by plaintiff was not the best accounting plaintiff was capable of providing. Neither is there any indication that the timing prejudiced defendant's ability to defend the lawsuit. And, finally, the application of the statute here leads to a patently unfair result: Defendant receives a judgment in his favor although, by his own affidavit, he is obligated to pay some of the account.

For the foregoing reasons, we hold that ORS 16.470 is directory, not mandatory. Since it is directory, its application lies in the sound discretion of the trial judge. Where, as here, defendant has shown no prejudice to him and defendant admits partial liability on plaintiff's claim, application of the statute would be an abuse of discretion.

■ There is an issue of fact not resolved between the parties: the amount defendant owes plaintiff under this account. Accordingly, the granting of summary judgment to defendant was error. ORS 18.105(3).

Reversed and remanded for further proceedings.