[No. 17842. Department One. July 20, 1923.]

LEW CHOY, *Respondent*, v. JIM SING, *Appellant*.[1]

HUSBAND AND WIFE (40, 42)—ACTIONS—PARTIES—SEPARATE PROPERTY OF WIFE. Upon the husband's written assignment to his wife of a written contract, it becomes her separate property and she may maintain an action thereon without joining her husband as a party plaintiff.

APPEAL (454)—HARMLESS ERROR—EVIDENCE—FACTS OTHERWISE ESTABLISHED. Error cannot be assigned on the failure of the court to strike the testimony of a witness as to a translation of a Chinese writing, because of his failure to appear for cross-examination, where appellant admitted that the translation was substantially correct.

ACCOUNT STATED (8)—EVIDENCE—SUFFICIENCY. Where, on an account stated, one party acknowledged the indebtedness in writing and it was assigned, a *prima facie* case is made by introducing the writing in evidence, and proving that it was unpaid, and it was not essential to allege in the complaint or prove an accounting.

SAME (7)—PLEADING—ISSUES AND PROOF. Where, on an account stated, one party acknowledged the indebtedness in writing and it was assigned, and in the assignee's action thereon, the execution of the writing was denied by the defendant, the plaintiff was entitled to show that the parties to the writing had been partners, that they had had an accounting and, based thereon, defendant had executed the writing, although the complaint did not allege the accounting.

[1]Reported in 216 Pac. 888.

Appeal from a judgment of the superior court for King county, Brinker, J., entered May 12, 1922, upon findings in favor of the plaintiff, in an action on an account stated, tried to the court. Affirmed.

*Bogle, Merritt & Bogle,* for appellant.

*Karr & Gregory* and *H. G. Sutton,* for respondent.

BRIDGES, J.—The plaintiff sued upon an instrument written in the Chinese language, a literal translation of which is as follows: "1918 Naknek Cannery—I owe Charlie Sam $823.35; 1920 Newskate Cannery—I owe Charlie Sam $1,810.90, total amount $2,634.25. Signed May 10, 1921, by Jim Sing, 200-3d Ave. South, Seattle, Wash." The complaint alleged that the instrument had been duly assigned to her and that she was the owner thereof, and no part of the amount called for had been paid and all was past due. The answer admitted the correctness of the translation, but denied that the defendant had signed the instrument or owed any money to the plaintiff. It further alleged that plaintiff's assignor and the defendant had been in partnership in a certain business, and that on account thereof the plaintiff's assignor was indebted to the defendant in a considerable sum.

The testimony showed that Charlie Sam, so-called, was the husband of the plaintiff, and that he had, in writing, duly assigned to her the instrument which we have quoted. From a judgment in favor of the plaintiff, the defendant has appealed.

Appellant objected to the introduction of any testimony because the plaintiff's husband, Charlie Sam, was a necessary party to the action. This objection being overruled, the appellant moved that the trial be continued and that the respondent be required to bring her husband into the action. This motion was

also denied. It being proved that the respondent was the holder by due assignment of the instrument sued upon, her husband was not a necessary party to the action, because it became her separate property, or, at least, vested in her power of collection. There is nothing in our community property statutes which would require us to hold otherwise.

It appears that, at the time of one of the adjournments during the trial, one of the respondent's witnesses was under an incompleted cross-examination by the attorney for the appellant. This witness had, among other things, given a translation into English of the instrument sued upon. He failed to appear for further cross-examination and the appellant moved to strike all of his testimony. The court struck all except that with reference to the translation of the instrument. The court might have justly concluded that there had been sufficient cross-examination concerning the translation, and, if so, he would have been justified in refusing to strike that much of the testimony. In any event, there was no error because the appellant, in his answer and elsewhere, admitted that the translation was substantially correct and there was no controversy on that subject.

Appellant objected in the lower court to the introduction "of any testimony on a cause of action for account stated," because the complaint was entirely silent upon that question, and here extensively argues his objection. Ordinarily where a suit is brought on an account stated the complaint must show such fact, but where, upon an account stated, one party acknowledges in writing, as here, an indebtedness to the other party, such writing being duly signed, the holder of the instrument may maintain a suit upon it, and it is for the defendant to plead the accounting as a defense,

and that the instrument was the result of such account-
ing, and that the account stated was obtained by fraud
or mistake, and the burden is upon him to show such
condition.

While the instrument here sued on may not be a
promissory note because it lacks some of the necessary
elements to make it negotiable, yet it does indicate that
the appellant is indebted to respondent's assignor in
a designated sum, and she was justified in maintain-
ing her action on it. Such being the situation, she
made a *prima facie* case by introducing in evidence the
written instrument, proving its execution and delivery,
and that the amount was unpaid. It is true that the
respondent was required to introduce some testimony
touching an accounting between the partners, but she
was required so to do only because of the denial by
the appellant that he had executed the instrument, and
in an effort to prove the execution and delivery, the
respondent produced testimony showing that her hus-
band and the appellant at one time had been partners,
and that she and her husband visited the appellant's
store, where an accounting was had, and, based on
that accounting, the written instrument in suit was ex-
ecuted and delivered. In other words, proof of an
accounting was not material to the respondent's action.
We therefore hold that the complaint was not defec-
tive, and that the court was not in error in receiving
such testimony as the respondent presented concern-
ing an account stated.

Appellant further contends that the testimony was
overwhelmingly in his favor to the effect that he had
not signed the instrument, and that, in any event, there
was an error in the accounting. A reading of the
testimony convinces us, as it did the trial court, not
only that the appellant signed it, but that there was

neither fraud nor mistake in the accounting. Judgment affirmed.

MAIN, C. J., MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.