Argued May 17; affirmed May 23, 1933

# MORTENSEN *v.* DAYTON SAND & GRAVEL CO.

(22 P. (2d) 320)

*Frank Holmes,* of McMinnville, for appellant.

*Vinton & Marsh,* of McMinnville, for respondent.

BELT, J. This is an action on an account stated. It is alleged in the complaint:

"II.

"That the plaintiff at the request of the defendant performed services for the defendant for a period of

about twelve years, and that on the 1st day of January, 1932, at Dayton, Oregon, the plaintiff and the defendant had an accounting to and concerning all their accounts and that it was ascertained and agreed by and between the plaintiff and defendant that the defendant was justly and legally indebted to the plaintiff on the said 1st day of January, 1932, in the full sum of $974.64.

## "III.

"That the said defendant promised and agreed to pay the said sum of $974.64 in cash within a reasonable time. That said reasonable time has long since elapsed and no part thereof has been paid, though often demanded".

The defendant, in its answer, denied that any settlement was had, but admitted that the plaintiff had performed labor and services for it between October 1, 1927, and December 16, 1931, and that, on account thereof, there was due to the plaintiff the sum of $900. Defendant, in a further and separate answer and by way of counter-claim, alleged that it had been damaged in the sum of $2,500 through the negligence of plaintiff in the operation of a scow and digger in the Willamette river. Judgment was demanded against the plaintiff for this amount less the sum of $900 admitted to be due on account of labor and services rendered. The cause was submitted to a jury and a verdict returned in favor of the plaintiff. From a judgment entered thereon the defendant appeals.

■■ It is urged here for the first time that the complaint fails to state facts sufficient to constitute a cause of action. We see no merit in this contention. It was held in *Foste v. Standard Insurance Company*, 26 Or. 449 (38 P. 617), that "the material allegations in an action on an account stated, are: (1) The plaintiff and defendant came to an accounting together; (2) that

on such accounting defendant was found indebted to the plaintiff in a specified sum, (3) which defendant promised to pay, (4) and has not paid  \*  \*  \*''. It is plain that the complaint, when tested in the light of this authority, is sufficient.

■ The principal assignment of error is based on the ruling of the court permitting Ernest Demarey to testify relative to the account stated as alleged by the plaintiff. Demarey testified, without objection, that he was the manager, secretary-treasurer of the corporation and that he was in active charge of the business of the corporation, exercising the right to hire and discharge employees. He further testified that he went over the account book of the plaintiff and agreed with him upon the balance alleged to be due. There was entered in this account book in the handwriting of Demarey the following words: "Balance due January 1, 1932, $974.64". Assuming this testimony to be true, it is clear that Demarey in making the settlement was acting within the real or apparent scope of his authority: 14a C. J. 359; Fletcher Ency. Corporations (Permanent Edition), § 665. The fact that he was not formally authorized so to act by the board of directors is immaterial. No meeting of the board had been held in several years. Yet the corporation continued to transact business.

The real controversy in this case was with reference to the counterclaim which was, on the facts, decided adversely to defendant.

The judgment of the lower court is affirmed.

BEAN, J., sitting for RAND, C. J.

BEAN, ROSSMAN, and KELLY, JJ., concur.