## HURD v. CENTRAL UTAH WATER CO.

No. 6271.   Decided November 1, 1940.   (106 P. 2d 775.)

*Cline, Wilson & Cline,* of Milford, for appellant.

*J. A. Melville* and *A. C. Melville,* both of Salt Lake City, for respondent.

MOFFAT, Chief Justice.

This action was instituted upon an account stated to recover the sum of $500 together with interest for legal services rendered by C. W. Morse for the Central Utah Water Company, a corporation, hereinafter referred to as the Company.

The Company answered, admitted the services were rendered, but alleged that the letter upon which the claim is based was inadvertently written without the knowledge or consent of the board of directors of the Company.

The plaintiff demurred to the answer. The demurrer was overruled. A reply was filed denying the affirmative allegations of the answer. It was pleaded affirmatively that after the account was stated that the Company had ratified and approved the account stated by words and acts. The Company had accepted the benefits of the terms of the letter written (the letter is hereinafter set forth) and is now estopped to deny that the account was stated inadvertently and without the knowledge and consent of the Company.

At the conclusion of the evidence and after both parties had rested, plaintiff moved for a directed verdict. The motion was denied and the cause submitted to a jury resulting in a verdict of "no cause of action."

Plaintiff has appealed.

The legal services were rendered by C. W. Morse, deceased, during the years 1928, 1929, 1930 and 1931, and were intermittent. Apparently the charge for the services was left entirely to C. W. Morse. The services rendered for 1928 and 1929 were paid for in full. It is out of the amount due for 1930 and 1931 that the issue arose.

On December 24, 1930, the Company paid C. W. Morse (generally referred to as Judge Morse) $500, by check signed by W. C. Cole, secretary-treasurer of the Company and countersigned by A. A. Hinckley, president. When this check was sent no statement had been received from Judge Morse for the 1930 services rendered.

After payment of the $500 in December, 1930, the Company requested Judge Morse to furnish a statement. Practically one year after the payment of the $500 was made, Judge Morse sent a letter and statement to the Company for $1,500, reading as follows:

"Salt Lake City, Utah,
"December, 15, 1931

"Central Utah Water Company,
"Delta, Utah
"Gentlemen:

"I am handing you herewith a bill for my services for the years 1930 and 1931. I have upon my books, itemized, the various meetings and conferences, and the dates of the same: and these if charged for at the usual charge, would amount to considerably more than the bill which I am sending you. But owing to present conditions and the difficulties which your company has been contending with, I have made the amount of this bill less than I otherwise would have done.

"Thanking you for your attention to the matter, I am

"Yours truly,
"(C. W. Morse)"

Attached to the foregoing letter was a statement as follows:

"Salt Lake City, Utah
"December 15, 1931

"Central Utah Water Company to C. W. Morse, Dr.
"To Legal services during the years 1930 and 1931 $1,500.00"

At a meeting of the board of directors of the Company, held February 1, 1932, following the receipt of the letter and statement of C. W. Morse, dated December 15, 1931, the following minute entry appears in the minutes of that meeting:

"The matter of a budget was taken up. It was agreed not to include the $1500.00 owed to Judge Morse in the budget but to pay him out of the dividends that might be received from the Pavant Valley Bank."

After the meeting in which the action above recorded was held, Clead Nielsen, who succeeded A. A. Hinckley, as president of the Company, testified that he

"called on Judge Morse and asked for leniency in the time, for leniency that we could make the payments, due to our financial status. I don't recall mentioning any amount to Judge Morse, but asked that the payments be made in such way from us to Mr. Morse that we could take them from the proceeds that came from the bank."

On December 31, 1932, a little over one year after the aforementioned statement and letter relating to the $1,500 had been received, the Company wrote the following letter to Judge Morse:

"Delta, Utah
"December 21, 1932

"C. W. Morse, attorney
"Newhouse Building
"Salt Lake City, Utah
"Re: Central Utah Water Co.

"Dear Judge:
"This is to confirm the understanding reached by Cleade Nielson, the president of the Central Utah Water Company, and yourself with reference to the amount the Central Utah Water Company is owing you for legal services in connection with the Sevier River water litigation.
"The company has approved your bill for $1,500.00. We regret that this cannot be paid now, but the company is willing, as you and Mr.

Nielson agreed, to pay you $500.00 during the year 1933, $500.00 during the year 1934, and $500.00 during the year 1935, without interest.

"The company will make a strong effort to pay you $250.00 immediately after the first of the year, and another $250.000 during the early part of May, making the $500.00 to be paid in 1933.

"We appreciate very much your leniency in these times of financial distress.

"Wishing you a happy New Year, we are
                    "Respectfully,
                    "Central Utah Water Company
                    "By (W. C. Cole)
                    "Secretary."

It is undisputed that the sum of $1,000 and no more was paid to Judge Morse after December 31, 1932. On the back of the above quoted letter there are the following endorsements:

| "March 16th 1933 | Paid on within | 250.00 |
| "August 9th 1933 | " " " | 250.00 |
| "November 27 1934 | " " " | 500.00" |

The ledger of Judge Morse was introduced in evidence. It shows entries made during 1930, and up until June 30, 1931. No charged amounts are specified. The entries are as to days worked. On December 30, 1930, appears an entry "By cash $500.00." There is no balancing of the account after the end of 1928. Following the date June 30, 1931, on the line below, there appears "Amt. agreed upon 1500.00" and on the line below that line the words and figures "see page 115." On page 115 under the account headed "Central Utah Water Company" the following appears: "1932 To final balance 1500.00" and on the credit side the admitted credits of 250.00 and 250.00. The $500 payment endorsed on the back of the stated account of December 31, 1932, has not been entered in the ledger.

The foregoing states the undisputed evidence of the record.

The answer of the Company pleads a detailed statement of the payments and the three bills for services rendered by

Judge Morse. There is no dispute as to the services and no controversy as to payments made. As an affirmative defense, the company denied that it had any information as to the letter written by W. C. Cole, as secretary of the Company, and alleges that if he did write such letter, "he did so inadvertently without knowing the fact or the amounts paid on said account for 1930 and 1931 and without the knowledge or consent of the board of directors of the company."

Applying the evidence to the Company's theory of the case, the most that can be said for it might be inferred that some of the officers were derelict in their duties.

The plaintiff's motion for a directed verdict against defendant should have been granted. The admissions in the pleadings and the evidence make a clear case upon the account stated that there was due upon that account the sum of $500.

In this case it is admitted that Judge Morse sent the Company a statement for $1,500; that the Company approved the statement at a meeting of the board of directors and wrote the letter acknowledging the indebtedness, promising to pay the same and subsequently made payments thereon. There was thereby an account stated between the parties. *Lew Choy* v. *Jim Sing*, 125 Wash. 631, 216 P. 888; *Mortensen* v. *Dayton Sand & Gravel Co.*, 143 Or. 273, 22 P. 2d 320.

"The theory upon which the action on an account stated is allowed is that transactions have occurred between the parties from which the relation of debtor and creditor has arisen, that thereafter one or both have rendered or made statements or declarations specifying definitely the amount due on account thereof, and thereupon there has been an agreement, express or implied, by the one who is the debtor, to the other, that a certain sum is due from him on such account, together with an express or implied promise to pay the same. The action is based on the promise to pay, thus established; and, if it is not expressly made, facts from which such promise will be implied must be proven. Originally, an account stated could exist only where the accounts were mutual, or where there was more than a single item, but in the course of time it became settled that there could be an account

stated where but a single item was included or referred to therein." *Bennett et al.* v. *Potter,* 180 Cal. 736, 183 P. 156, at page 160.

See *Gardner* v. *Watson,* 170 Cal. 570, 150 P. 994; *Young* v. *Lo Presti,* 95 Cal. App. 79, 272 P. 310.

The Company neither properly pleaded nor proved any mistake. No fraud nor lack of knowledge of the facts and circumstances is suggested on behalf of the Company. No unwarranted exercise of authority upon the part of the officers through whom the Company acted is pleaded or proved. That there was no mistake or lack of authority is affirmatively shown by the evidence submitted by the officers on behalf of the Company.

W. C. Cole was the secretary-treasurer of the Company. He wrote the letter of December 31, 1932. He testified that during the month of December, 1930, he was "Engineer-Manager" of the Company and personally mailed the check for $500, dated December 24, 1930, and that this was done at the request of the then president of the Company. The $500 was to be applied upon the account of Judge Morse for legal services. W. C. Cole also testified that he was the secretary and engineer for the Company from the first of July, 1930, to February 1935; that he received the statement of Judge Morse, dated December 15, 1931; that he submitted the statement to the board of directors of the Company; that he wrote the minute entry in the record of the Company of the action taken by the board of directors on the account. He further testified that he had requested Judge Morse to submit a statement and that Judge Morse had in response thereto sent the bill for $1,500; that he received information from Mr. Nielsen, president of the Company, relative to an interview Mr. Nielsen had with Judge Morse; that he wrote the letter dated December 31, 1932, and mailed it to Judge Morse; that he kept the books of the Company, which were open to the directors at all times, and that the books showed the payments made. He declared that he did not think he would have assumed authority to write the letter:

Clead Nielsen testified that he was present at the meeting of the board of directors in February, 1932, when the board considered the bill of Judge Morse for $1,500, that after that meeting he talked with Judge Morse about the account, and discussed the matter with Mr. Cole, and read the letter written to Judge Morse after it was written.

There was no evidence to justify the submission of the issue of "inadvertence" to the jury. There was no misrepresentation, misapprehension, fraud or mistake connected with the issuance of the $500 check in December, 1930, or the approval of the bill of December 15, 1931, at the meeting in February, 1932, or the writing and mailing of the letter in December, 1932.

It appears obvious to us that the trial court should have directed a verdict for the plaintiff; that there was neither pleading nor proof warranting the submission to the jury that the letter written to Judge Morse was written "inadvertently without knowing the fact or the amounts paid."

The judgment and verdict are ordered set aside and vacated. The cause should have been withdrawn from the jury and the judgment entered according to the prayer of the complaint. Judgment reversed. Appellant to recover costs.

WOLFE, LARSON, McDONOUGH, and PRATT, JJ., concur.