**F I L E D**

PUBLISH
**June 23, 2005**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN BROWN; JOSCELYN
BROWN,

        Plaintiffs - Appellees,

  v.

JOHN L. BAEKE, JR., M.D.,

        Defendant - Appellant,

  and

JACLYN F. VOIGHT,

        Defendant.

No. 04-3326

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 02-CV-2532-DJW)**

Submitted on the briefs:

Michael R. O'Neal, Gilliland & Hayes, Hutchinson, Kansas, for appellant.

Brian F. McCallister, The McCallister Law Firm, Kansas City, Missouri, for appellee.

Before **HENRY**, **BRISCOE**, **and MURPHY**, Circuit Judges.

**BRISCOE**, Circuit Judge.

This appeal [1] arises from a diversity medical malpractice action that was assigned by consent of the parties to a magistrate judge. *See* 28 U.S.C. § 636(c). After plaintiffs lost one expert standard-of-care witness due to a conflict problem, defendant Baeke filed motions to (1) strike plaintiffs' remaining standard-of-care witness, who did not have the requisite level of recent clinical practice, and then (2) grant summary judgment against plaintiffs for lack of an expert witness required by Kan. Stat. Ann. § 60-3412. Plaintiffs conceded the grounds for the motion to strike, but moved under Fed. R. Civ. P. 41(a)(2) for a dismissal without prejudice to allow them to secure a qualified substitute for the stricken expert. They also agreed to pay various costs and fees incurred by defendant. The magistrate judge granted plaintiffs' motion, though only after imposing a number of additional conditions and making it clear that "[i]f Plaintiff fails to file a subsequent action within 30 days of dismissal herein, this dismissal shall convert into a dismissal with prejudice," and denied as moot the other pending motions. App. at 7. Defendant Baeke now appeals, arguing that plaintiffs' Rule 41(a)(2)

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument

-2-

motion should have been denied and the case disposed of with prejudice on the merits. [2]

"Federal Rule of Civil Procedure 41(a)(2) permits a district court to dismiss an action without prejudice 'upon such terms and conditions as the court deems proper.'" *Am. Nat'l Bank & Trust Co. v. BIC Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) (quoting rule). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996) (quotation omitted). These matters fall within the district court's discretion and "[r]eversal requires a clear abuse of discretion." *Am. Nat'l Bank & Trust Co.*, 931 F.2d at 1412. But "[a]bsent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). We exercise jurisdiction pursuant to 28 U.S.C.

---

[2]    We note that plaintiffs have filed a subsequent action as countenanced by the dismissal order, *see Brown v. Baeke*, No. 04-2291-JWL, (D. Kan. filed June 24, 2004), which obviates any concern that defendant's appeal might have been mooted by conversion of the order under review to the prejudicial dismissal defendant sought. We also note that the procedurally separate character of the first, dismissed case and the second, pending case means that defendant "would not be permitted to complain about the without-prejudice dismissal of the first [case] at the end of the proceeding initiated by the second." *H.R. Techs., Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1383 (Fed. Cir. 2002); *see also Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (holding party's failure to take appeal from without-prejudice dismissal of first action precluded review of matters raised therein on appeal from disposition of second action). This point is relevant to the jurisdictional discussion in footnote 3 below.

§ 1291 over the judgment dismissing this action,    [3] and affirm for reasons explained

below.

---

[3]     Our exercise of jurisdiction over defendant's appeal, consistent with circuit precedent, *see Am. Nat'l Bank & Trust Co.,* 931 F.2d at 1412, is in accord with the well-established rule that "a defendant can appeal if [a Rule 41(a)(2)] motion for voluntary dismissal is granted, since this is [as to the defendant] an adverse final judgment." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2376, at 418-19 & n.7 (2d ed. 1995 & Supp. 2005); *see* 8 James Wm. Moore et al., *Moore's Federal Practice* § 41.40[11][c] (3d ed. 2005) ("An order granting a voluntary dismissal without prejudice is final and is appealable by the defendant."). The defendant's right to appeal a without-prejudice dismissal has been recognized and explained in a variety of settings. *See, e.g., H.R. Techs., Inc.*, 275 F.3d at 1381-84; *Farmer v. McDaniel*, 98 F.3d 1548, 1551-54 (9th Cir. 1996), *overruled on other grounds by Slack v. McDaniel*, 529 U.S. 473 (2000); *Kirkland v. Nat'l Mortgage Network, Inc.*, 884 F.2d 1367, 1369-70 (11th Cir. 1989); *LaBuhn v. Bulkmatic Transp. Co.*, 865 F.2d 119, 121-22 (7th Cir. 1988). In the present context, appeal is routinely allowed without need for jurisdictional elaboration. *See, e.g., Ellett Bros., Inc. v. U.S. Fid. & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001); *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001); *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 159-60 (1st Cir. 2000); *D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 282 (2d Cir. 1996); *Grover ex rel. Grover v. Eli Lilly & Co.*, 33 F.3d 716, 717 (6th Cir. 1994); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982); *Williams v. Ford Motor Credit Co.*, 627 F.2d 158, 159 (8th Cir. 1980); *Stern v. Barnett*, 452 F.2d 211, 212-13 (7th Cir. 1971); *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 296-97 (5th Cir. 1963). In contrast, plaintiffs' efforts to seek review of without-prejudice dismissals under Rule 41(a)(2) raise issues of non-aggrievement and non-finality that generally bar appellate jurisdiction. *See* 9 *Federal Practice & Procedure* § 2376, at 418 & n.6; 8 *Moore's Federal Practice* § 41.40[11][b]; *see, e.g., Palmieri v. Defaria*, 88 F.3d 136, 140 (2d Cir. 1996) ("Because [the] plaintiff may reinstate his action regardless of the decision of the appellate court, permitting an appeal is clearly an end-run around the final judgment rule."); *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976) (explaining that general rule barring appeal by plaintiff "can easily be understood since the plaintiff has acquired that which he sought, the dismissal of his action and the right to bring a later suit on the same cause of action, without adjudication of the merits").

Prejudice does not arise simply because a second action has been or may be filed against the defendant, *Am. Nat'l Bank & Trust Co.*, 931 F.2d at 1412, which is often the whole point in dismissing a case without prejudice. Rather, prejudice is a function of other, practical factors including: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Ohlander*, 114 F.3d at 1537. These factors are neither exhaustive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case. *Id.* And "[i]n reaching its conclusion, the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff." *County of Santa Fe v. Public Serv. Co.*, 311 F.3d 1031, 1048 (10 th Cir. 2002) (quotation omitted).

The magistrate judge addressed all of the factors cited above, concluding that the "factors taken as a whole and applied to the unique circumstances presented in this case do not lead the Court to the conclusion that Defendants will suffer legal prejudice if this case is dismissed if such dismissal is subject to a number of curative conditions." App. at 7. The eleven conditions imposed by the magistrate judge incorporated not only those offered by plaintiffs but also those requested by defendant in the event plaintiffs' motion were granted. *Compare id.*

at 7-9 *with id.* at 87-88 *and id.* at 97-99. Several conditions were imposed to avoid redundancy of effort should the case be refiled, including carryover of discovery and the pretrial order from the dismissed case, and plaintiffs were required to pay fees and expenses incurred by defendant as a result of duplicative effort that could not be avoided. On its face, nothing about the magistrate judge's order suggests an exercise of discretion that was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Phillips USA, Inc.*, 77 F.3d at 357 (characterizing abuse of discretion in Rule 41(a)(2) context).

Defendant nevertheless attempts to demonstrate such an abuse of discretion by taking issue with the magistrate judge's assessment of certain factors. We do not find this effort persuasive.

On the delay/diligence factor, the magistrate judge considered the totality of the circumstances, including the "uniquely unpredictable" expert designation issues involved, plaintiffs' active pursuit and response to discovery, and their diligent overall prosecution of the case, and found that "Plaintiffs did not unduly delay or fail to diligently pursue this litigation and Defendants will not be legally prejudiced if this case is dismissed and curative measures taken." App. at 6. Defendant, in contrast, focuses on the events surrounding the loss of the expert and judges the actions of plaintiffs' counsel in that regard more harshly. But defendant cites no authority to suggest that the magistrate judge's broader view of

-6-

the relevant circumstances was inappropriate; indeed, we find that view more in keeping with the thrust of the case law discussed above. The same is true of the magistrate judge's consideration of the curative effect of the conditions imposed in the dismissal order on any prejudice associated with delay. Finally, as for the comparatively harsh or favorable interpretation of the conduct of plaintiffs' counsel, debatable differences in judgment do not betoken an abuse of discretion. Under our deferential standard, "we do not evaluate whether we would have made a different finding in the first instance, nor do we reverse adequately supported findings simply because the evidence is subject to multiple interpretations." *United States v. Anthony*, 172 F.3d 1249, 1254 (10th Cir. 1999); *see Deboard v. Sunshine Mining & Refining Co.*, 208 F.3d 1228, 1245 (10th Cir. 2000).

Turning to the explanation of plaintiffs' need for dismissal, the magistrate judge concluded:

> The uniquely unpredictable circumstances presented with respect to the expert witness deficiencies establish sufficient justification for seeking dismissal without prejudice. The basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals based on procedural technicalities. If rules of procedure work as they should in an honest and fair judicial system, they not only permit, but should as nearly as possible guarantee, that bona fide complaints be carried to an adjudication on the merits. The Court finds Plaintiffs sufficiently have explained the need for a dismissal and that this third factor weighs in favor of dismissal without prejudice.

App. at 7 (citation and quotation omitted). Again, the magistrate judge's thoughtful consideration of the opposing equities does not remotely suggest an abuse of its discretion.

Defendant, however, sees in these circumstances a tactical effort simply to evade summary judgment, and argues that plaintiffs "should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice." *Phillips USA, Inc.*, 77 F.3d at 358. While we are sensitive to this concern, we do not think it applies here. In *Phillips USA, Inc.*, the plaintiff moved to dismiss a claim facing a substantial challenge on res judicata grounds. In denying the motion to dismiss, the court pointed out that the plaintiff had not made any effort to meet, or explain why it could not at that time meet, the pending merits challenge but, rather, had just offered a perfunctory excuse about extraneous matters demanding the attention of its chief executive officer to justify the request for dismissal. *Id.* Here, in contrast, plaintiffs' reason for dismissal related directly to the deficiency underlying the motion for summary judgment and, far from walking away from the problem, they sought a reasonable solution and offered significant practical concessions to make it work.

The magistrate judge acknowledged that the stage-of-litigation factor did not favor dismissal, but defendant argues that the magistrate judge failed to give this consideration sufficient weight. In light of the curative conditions imposed,

the effect of which would be to effectively bring any refiled case up to the advanced discovery and pretrial stage at which the initial action was dismissed, we see no basis for questioning the magistrate judge's decision not to accord this factor decisive weight.

Similarly, the magistrate judge concluded that the effort and expense put into the case by defendant at the time plaintiffs moved for dismissal did not warrant denial of the motion, because "the ability of the parties to use discovery in the new case combined with Defendants' ability to seek reimbursement for any duplicative expenses will alleviate any legal prejudice to Defendants with respect to the efforts and expenses expended by Defendants to date in preparing for trial in this case." App. at 6. Defendant contends that this reflects a backward approach to the Rule 41(a)(2) question. He insists that the court should look primarily to the other factors and, only if they do not clearly settle the matter, then consider if the curative conditions imposed to obviate prejudice to the opposing party should tip the scales in favor of dismissal. No authority is cited for this facially uncompelling view, and we find it inconsistent with the controlling case law discussed above. By marginalizing the effect of curative conditions included in the dismissal order, defendant would have us assess the central issue of prejudice in an abstract manner divorced from – indeed, contrary to – the practical realities of the situation. The case law, on the other hand,

directs that prejudice be assessed in light of the particular circumstances of each case. Moreover, as this case illustrates, the effective use of curative conditions can help balance competing equities and ensure that substantial justice is done for all parties, which is the goal of the Rule 41(a)(2) analysis.

In sum, defendant has failed to show that the magistrate judge abused his discretion in granting plaintiffs' motion to dismiss this action without prejudice. Under the deferential standard that governs our review of such matters, we must affirm the judgment entered below.

The judgment of the magistrate judge is AFFIRMED.