**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MRS. FIELDS FRANCHISING, LLC,
a Delaware limited liability company,

      Plaintiff Counter Defendant-
      Appellee,

v.

MFGPC, a California corporation,

      Defendant Counterclaimant
      Third Party Plaintiff-Appellant,

v.

MRS. FIELDS FAMOUS BRANDS,
LLC, a/k/a Famous Brands
International;

      Third Party Defendant-
      Appellee,

and

MRS. FIELDS CONFECTIONS, a
Delaware limited liability company,

      Third Party Defendant.

No. 16-4144
(D.C. No. 2:15-CV-00094-DB)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

_____

[*]    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and Tenth Cir. R. 32.1(A).

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.

_____

This case arises from a license that allowed MFGPC, Inc. to sell popcorn under the brand "Mrs. Fields." The licensor (Mrs. Fields Franchising, LLC) terminated the agreement and sued for a declaratory judgment stating that the termination had been proper.

MFGPC responded with its own claims against Mrs. Fields Franchising and Mrs. Fields Famous Brands, LLC for breach of contract and an account stated.[1] The district court granted a motion to dismiss MFGPC's claims and allowed Mrs. Fields Franchising to voluntarily dismiss its own claim for a declaratory judgment. MFGPC appeals these rulings.

We reverse the dismissal of MFGPC's breach-of-contract claim because its allegations in the complaint state a plausible basis for relief. But we affirm the dismissal of the account-stated claim because MFGPC failed to plead an essential element. We also affirm the ruling that allowed Mrs. Fields Franchising to voluntarily dismiss its claim for a declaratory judgment. In our view, this ruling fell within the district court's discretion.

I.      **Mrs. Fields Franchising terminated its contract with MFGPC.**

In 2003, MFGPC's predecessor-in-interest (LHF, Inc.) entered into a license agreement with Mrs. Fields Original Cookies, Inc. Under the

---

[1]     MFGPC brought counterclaims against Mrs. Fields Franchising and third-party claims against Famous Brands.

agreement, LHF enjoyed the exclusive right to sell popcorn under the Mrs. Fields brand, and Mrs. Fields Original Cookies received 5% of net sales (known as "running royalties"). The agreement also guaranteed Mrs. Fields Original Cookies a certain amount of royalty payments for the first five years (known as "guaranteed royalties"). One way for LHF to pay running royalties would be to ship licensed popcorn to Mrs. Fields Original Cookies and have the price received for the popcorn reduced by any outstanding running royalties. Mrs. Fields Original Cookies allegedly transferred its contract rights to Mrs. Fields Franchising.

The license agreement had an initial term of five years; at the end of the five-year period, the agreement would automatically renew for successive five-year terms unless MFGPC had failed to pay the guaranteed royalties. Otherwise, the agreement could be terminated only under specific conditions, such as MFGPC's breach of the agreement.

In December 2014, Mrs. Fields Franchising wrote to MFGPC, terminating the license agreement for failure to pay guaranteed royalties. MFGPC objected to the termination, responding that MFGPC owed no outstanding royalties and that it was owed $26,660.43 for popcorn that had been shipped to Famous Brands.

## II.     We reverse the dismissal of MFGPC's breach-of-contract claim.

When considering a dismissal under Rule 12(b)(6), we engage in de novo review. *Albers v. Bd. of Cty. Comm'rs of Jefferson Cty.*, 771 F.3d

3

697, 700 (10th Cir. 2014). In diversity cases, we apply state substantive law and federal procedural law. *Racher v. Westlake Nursing Home*, 871 F.3d 1152, 1162 (10th Cir. 2017). The parties agree that we apply Utah law to the substantive issues and federal law to the pleading standard.

### A. The Lindley declaration does not affect consideration of the motion to dismiss.

In dismissing MFGPC's breach-of-contract claim, the district court relied on a declaration by Mr. Christopher Lindley, MFGPC's president, which MFGPC had earlier filed when seeking a preliminary injunction. In his declaration, Mr. Lindley acknowledged that MFGPC had not paid the running royalties accruing in 2012 or 2013; but he attributed the nonpayment to an agreement with Famous Brands' Chief Executive Officer to postpone the payment of running royalties.

In moving to dismiss, Mrs. Fields Franchising and Famous Brands did not rely on the Lindley declaration. But in a reply brief, they contended that Mr. Lindley had admitted a breach of the license agreement. In response, MFGPC argued at a hearing that the Lindley declaration supported equitable estoppel, preventing Mrs. Fields Franchising and Famous Brands from relying on a failure to timely pay running royalties. The district court ordered additional briefing from both sides and ultimately rejected MFGPC's argument on equitable estoppel.

According to MFGPC, the district court erred by considering the Lindley declaration without converting the motion to dismiss into a motion for summary judgment. This contention was forfeited but is undeniably correct.

MFGPC forfeited this argument by failing to raise it in district court. *See Ave. Capital Mgmt. II, L.P. v. Schaden*, 843 F.3d 876, 885 (10th Cir. 2016). According to MFGPC, it never had an opportunity to raise the issue because Mrs. Fields Franchising and Famous Brands had waited until their reply brief to invoke the Lindley declaration. We disagree. After the reply brief was filed, the district court conducted a hearing and allowed MFGPC to file a surreply brief on the issue of equitable estoppel. In the hearing and surreply brief, MFGPC could have objected to consideration of the Lindley declaration. But MFGPC instead urged a theory of equitable estoppel.

The surreply brief provided a particularly golden opportunity for MFGPC to question consideration of the Lindley declaration. The issue of equitable estoppel arose only because of statements in the declaration. Thus, when MFGPC was allowed to file a surreply brief, it could have argued that declaration should not be considered in a motion to dismiss, obviating the need to address equitable estoppel. MFGPC could also have made this argument in the hearing.

5

Bypassing its opportunity to object, MFGPC forfeited its challenge to consideration of the Lindley declaration. But forfeiture involves a matter of discretion. *Cox v. Glanz*, 800 F.3d 1231, 1244 (10th Cir. 2015). And we have exercised our discretion to consider an appellant's arguments for reversal, even when forfeited, if they are indisputably correct and entail a pure matter of law. *Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262, 1271 (10th Cir. 2000). "We have justified our decision to exercise discretion in these situations because no additional findings of fact or presentation of evidence were required for the issue's disposition and both parties had the opportunity to address the issue in their appellate briefing." *United States v. Jarvis*, 499 F.3d 1196, 1202 (10th Cir. 2007).

MFGPC is indisputably correct in arguing that the district court had to either disregard the Lindley declaration or convert the motion to dismiss to a motion for summary judgment. The Federal Rules of Civil Procedure did not permit any other course of action. Fed. R. Civ. P. 12(d); *see Nakahata v. N.Y.-Presbyterian Healthcare Sys.*, 723 F.3d 192, 202-03 (2d Cir. 2013) (stating that the procedure in Fed. R. Civ. P. 12(d) is mandatory); *Venture Assocs. v. Zenith Data Sys.*, 987 F.2d 429, 430 (7th Cir. 1993) (stating that the predecessor to Rule 12(d) "is mandatory"). This constraint on the court's discretion involves a pure matter of law. *Price v. Philpot*, 420 F.3d 1158, 1167 (10th Cir. 2005); *see Brown & Pipkins, LLC*

6

*v. Serv. Emps. Int'l Union*, 846 F.3d 716, 729 (4th Cir. 2017) (treating the interpretation of a Federal Rule of Civil Procedure as a question of law).

But even if we were to consider the Lindley declaration, it would prove irrelevant under Rule 12(b)(6). Under this rule, the court does not "'weigh potential evidence that the parties might present at trial.'" *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006) (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). Instead, the court assesses "'whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'" *Id.* (quoting *Sutton*, 173 F.3d at 1236). A party has stated a valid claim when the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, we consider only MFGPC's complaint to determine the sufficiency of the allegations.

Mrs. Fields Franchising and Famous Brands urge judicial notice of the Lindley declaration, arguing that MFGPC's submission of the declaration made it a public record. Usually a court cannot consider matters outside the pleadings on a 12(b)(6) motion, but an exception exists for facts subject to judicial notice. *Tal*, 453 F.3d at 1264 n.24. A court may take judicial notice of "'its own files and records, as well as facts which are a matter of public record.'" *Id.* (quoting *Van Woudenberg ex rel. Foor*

7

*v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001)). But such "'documents may only be used to show their contents, not to prove the truth of matters asserted therein.'" *Id.* (quoting *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182. 1188 (11th Cir. 2002)).

Here Mrs. Fields Franchising and Famous Brands sought to use the declaration to prove the truth of its contents (that MFGPC had failed to timely pay running royalties in 2012 and 2013). Because the truth of the declaration is not subject to judicial notice, the declaration would not affect our review of the motion to dismiss. *See Brown v. Montoya*, 662 F.3d 1152, 1165-66 (10th Cir. 2011) (declining to judicially notice or otherwise consider a document when reviewing a dismissal under Rule 12(b)(6) because the document had not been referenced in the complaint); *see also Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 835 (3d Cir. 2011) ("[E]vidence is irrelevant to a Rule 12(b)(6) motion.").

\* \* \*

We decline to consider the Lindley declaration because

- exclusion involved a pure matter of law and was undeniably required in district court and

- consideration of a motion to dismiss is based solely on MFGPC's allegations in its complaint.

8

**B.     MFGPC stated a valid claim for breach of contract.**

Confining our consideration to MFGPC's complaint, as we must, we conclude that MFGPC has alleged a valid claim for breach of contract.

Under Utah law, the elements of a claim for breach of contract are "'(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages.'" *Am. W. Bank Members, L.C. v. State*, 342 P.3d 224, 230-31 (Utah 2014) (quoting *Bair v. Axiom Design, L.L.C.*, 20 P.3d 388, 392 (Utah 2001)). To determine whether these elements were satisfied, we consider the allegations in MFGPC's complaint.

There MFGPC alleged six pertinent facts:

1.     MFGPC had a license agreement with Mrs. Fields Franchising, Famous Brands, or both.

2.     The agreement could be terminated only if MFGPC had failed to perform.

3.     MFGPC performed under the agreement.

4.     Mrs. Fields Franchising attempted to terminate the agreement.

5.     As a result of the attempted termination, MFGPC suffered lost profits through the inability to sell licensed popcorn.

6.     Mrs. Fields Franchising and Famous Brands failed to pay MFGPC for licensed popcorn that MFGPC had shipped to Famous Brands.

These allegations state a plausible claim for breach of contract.

9

According to MFGPC, the contractual breach consisted of Mrs. Fields Franchising's termination of the license agreement and failure to pay for the licensed popcorn. Mrs. Fields Franchising and Famous Brands argue that no damages existed because

- damages cannot be based on the licensor's assertion of a legal position (that the license agreement was terminated) and

- the termination allowed MFGPC to continue selling Mrs. Fields popcorn for six months.

Both arguments are invalid.

MFGPC characterized Mrs. Fields Franchising's correspondence not as an actual termination but as the assertion of a position that the license had been terminated. A fact-finder could reasonably view this distinction as illusory. However one characterizes the action by Mrs. Fields Franchising, the result was that MFGPC could no longer sell popcorn under the Mrs. Fields brand. Why would MFGPC continue making popcorn and shipping it to a licensor that believed there was no valid license agreement?

Mrs. Fields Franchising and Famous Brands also deny damages because the license agreement allowed MFGPC to continue selling Mrs. Fields popcorn for six months after termination of the agreement. This argument fails for two reasons. First, the agreement allowed MFGPC to sell popcorn that had already been manufactured and packaged, not to continue to manufacture and sell the popcorn as if the agreement had not

10

been terminated. Second, six months of selling popcorn does not eliminate the damages, for the license agreement would have allowed MFGPC to continue to sell the popcorn for roughly 2½ more years in the absence of a termination.

* * *

MFGPC has adequately alleged a plausible claim for breach of contract. Nonetheless, the district court focused on MFGPC's argument involving equitable estoppel. This focus proved misguided, for equitable estoppel emerged as an issue only because the court had improperly relied on a declaration going beyond the allegations in MFGPC's complaint. Instead, we confine our consideration to the complaint, which states a valid breach-of-contract claim.[2]

## III. We affirm the dismissal of MFGPC's account-stated claim.

The district court also dismissed MFGPC's claim for an account stated. We affirm this dismissal because MFGPC failed to allege an agreement on the amount owed.

An account stated entails an agreement that a specific amount is owed for a prior transaction. *See Hurd v. Cent. Utah Water Co.*, 106 P.2d 775, 777-78 (Utah 1940). A claim for an account stated contains three essential elements:

---

[2] Our conclusion is based on the standard under Rule 12(b)(6). We express no opinion on the merits of a future motion for summary judgment.

11

1. a transaction between the parties giving rise to a debt,

2. an agreement between the parties on the amount of the debt, and

3. an express or implied promise by the debtor to pay the amount owed.

*DeMentas v. Estate of Tallas ex rel. First Sec. Bank*, 764 P.2d 628, 634 (Utah Ct. App. 1988).

MFGPC alleges that it had shipped licensed popcorn to Famous Brands and that Famous Brands approved an invoice for $70,222.60. But in the complaint, MFGPC did not allege an account stated for $70,222.60; instead, MFGPC alleged an account stated for $26,660.43, which was the amount invoiced minus the amount of running royalties that MFGPC regarded as due.

In its complaint, MFGPC alleged that Famous Brands had approved invoices for $70,222.60. But MFGPC has not sued for this amount. According to MFGPC, the invoices were subject to an offset for the unpaid running royalties; and MFGPC does not allege that Famous Brands agreed to the amount of this offset.

\* \* \*

An agreement on the amount owed is an essential element of an account stated, and MFGPC has not alleged such an agreement. Thus, MFGPC has not adequately alleged an account-stated claim, requiring us to affirm the dismissal of this claim.

12

**IV.  We affirm the district court's grant of Mrs. Fields Franchising's motion for voluntary dismissal.**

MFGPC also argues that the district court erred by granting Mrs. Fields Franchising's motion to voluntarily dismiss its own claim for a declaratory judgment. The district court did not err in making this ruling.

Because MFGPC had already filed an answer, Mrs. Fields Franchising could voluntarily dismiss its claim only if permitted to do so by the court. Fed. R. Civ. P. 41(a). Court permission is required to avoid unfairly harming the opposing party. *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005). When a district court allows voluntary dismissal, we apply the abuse-of-discretion standard of review. *Id.*

In our view, the district court did not abuse its discretion. After the court dismissed MFGPC's claims, Mrs. Fields Franchising requested dismissal of its previously asserted claim for a declaratory judgment. Little reason existed to withhold permission. Mrs. Fields Franchising had asked for a declaratory judgment to avoid uncertainty about its right to terminate the license agreement. But the district court then dismissed MFGPC's claim for breach of contract, leaving Mrs. Fields Franchising with little reason to seek a declaration on whether the termination had created a contractual breach. At that point, the district court could reasonably decline to force Mrs. Fields Franchising to pursue its claim for a

13

declaratory judgment. Under these circumstances, the ruling fell within the district court's discretion.

MFGPC relies on prior statements by the district court, which allegedly weighed against allowing Mrs. Fields Franchising to dismiss its claim. But even under MFGPC's version of events, the district court's change of mind would not entail an abuse of discretion if the eventual ruling was reasonable. It was.

## V.     We vacate the award of attorney fees and costs.

The license agreement entitles the prevailing party in a contract suit to an award of attorney fees and costs. The district court awarded attorney fees and costs to Mrs. Field Franchising as the prevailing party because MFGPC's claims had been dismissed. MFGPC challenges the award of attorney fees and costs, but we need not address this challenge.

As discussed above, we are reversing the dismissal of MFGPC's breach-of-contract claim. Thus, identification of the prevailing party is premature, requiring us to vacate the award of attorney fees and costs. *See N. Tex. Prod. Credit Ass'n v. McCurtain Cty. Nat. Bank*, 222 F.3d 800, 819 (10th Cir. 2000) (vacating an award of attorney fees in light of the reversal of a grant of summary judgment).

14

**VI. Conclusion**

In summary, we

- reverse the dismissal of MFGPC's breach-of-contract claim because the complaint stated a valid claim under Rule 12(b)(6),

- affirm the dismissal of MFGPC's account-stated claim because of the failure to plead an essential element,

- affirm the district court's ruling that allowed Mrs. Fields Franchising to voluntarily dismiss its claim for a declaratory judgment because this ruling fell within the court's discretion, and

- vacate the award of attorney fees and costs to Mrs. Fields Franchising because it is no longer considered the prevailing party.

Entered for the Court


Robert E. Bacharach
Circuit Judge